[Crim. Nos. 9412, 9413.    Second Dist., Div. Four.    Jan. 18, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CARLOS DAVID MANRIQUEZ, Defendant and Appellant

(Two Cases.)

Kenneth Foley for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Irwin M. Friedman, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—In case No. 9412, defendant was charged, in three counts, with sale of heroin, possession of heroin for sale, and of possession of marijuana. He was also charged with two prior narcotic offenses (not alleged to have been felonies). A motion under Penal Code, section 995, was made and denied. The two prior offenses were ultimately admitted, but expressly without admission that they were felonies, the allegation and admission being only for the purpose of the effect on any ultimate sentence. Jury trial was duly waived, defendant was found guilty on all counts, probation was denied, and he was sentenced to state prison, the sentences to run concurrently.

In case No. 9413, defendant was found guilty of possession of marijuana. A county jail sentence was imposed, its execution was suspended and defendant was granted probation. After his conviction in case No. 9412, probation was revoked and the original sentence reinstated to run concurrently with the sentences imposed in case No. 9412.[1]

No contention is made that the revocation of probation in case No. 9413 was improper if appellant was properly convicted in case No. 9412. The discussion which follows relates to case No. 9412.

Police officers, suspecting defendant of trafficking in narcotics, arranged to have an informer make a purchase from him. The informer was searched, given $15 in money, and sent to the defendant's house. The officers kept a record of the serial numbers of the bills and kept the informer under observation until he entered defendant's house. The informer returned in a few minutes, without the money and with a package containing a substance resembling heroin (and which subsequent analysis showed to be heroin). The officers then, without knocking or other request for admission, forcibly broke into the house and arrested and handcuffed defendant, his wife, and other persons present. A search of defendant dis-

---

[1] Counsel calls attention to the fact that the trial court, in its discussion with counsel at the time of sentence, apparently was under the impression that it could impose a prison sentence in the earlier case. However, the error was corrected in the formal judgment, which, correctly, reinstated the jail sentence originally imposed.

closed his possession of the bills given to the informant. Defendant denied possession of any narcotics but, after a short conversation, in the bathroom, with one of the officers, told them that additional narcotics were in his wife's purse. The wife and other suspects were then freed and defendant only was taken to jail, booked and charged.

I

Defendant first contends that the entry into the house was illegal and, therefore, all of the evidence against him was improperly admitted.

Defendant contends that the entry, having been without prior notice or demand, was illegal because in violation of section 844 of the Penal Code. That section provides: "To make an arrest . . . a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired."

Defendant admits that strict compliance with this section is not required, but insists that all cases where the officers have been permitted to make a forcible entry without prior demand are cases in which some conduct on the part of the inhabitants, heard or observed by the officers, gave grounds for a belief that evidence was about to be destroyed and that emergent action was necessary in order to avoid either harm to the officers or the destruction of evidence. He points out that, here, except for the fact that one of the officers was known to defendants,[2] the officers had no grounds for thinking that *he* would destroy evidence or harm them. The officers, the trial court, and the Attorney General, justify the forcible entry on the argument that, in the words of one officer: "It has been my experience that people involved in narcotic trafficking will always attempt to dispose of evidence, either by flushing or some other disposal in the house."

We need not here determine how far in nonnarcotic cases, a general course of conduct on the part of most law violators could be used as an excuse for ignoring the statutory mandate expressed in section 844. At least in cases of suspected narcotic violations, the evidence, in the form of narcotics or marked money, is of a kind susceptible of destruction in a matter of seconds. We think that where, as here, the officers are

---

[2]This does not seem to us to be a significant factor. Observance of section 844 inevitably involves a disclosure of the status of the person seeking admission as a police officer.

dealing with an offense committed within minutes of the entry, their belief in the necessity for immediate entry without warning—a belief accepted and concurred in by the trial court—cannot be disregarded on appeal. ■ As was pointed out in *People* v. *Maddox* (1956) 46 Cal.2d 301, 306 [294 P.2d 6], the rule requiring warning is statutory and not constitutional; it may and should yield to the practical necessities of reasonable law enforcement activity.

■ We conclude that the entry into defendant's home was lawful and the search of his person, incident to his subsequent arrest, valid. It follows that, were it not for matters hereinafter discussed in part III of this opinion, the conviction of sale (count 2) would have been proper.

## II

■ Defendant argues, also, that the evidence was not sufficient to support a finding of possession for the purpose of sale. ■ However, every sale of a narcotic necessarily includes possession of that narcotic for the purpose of such sale. (*People* v. *Rosales* (1964) 226 Cal.App.2d 588, 591-592 [38 Cal.Rptr. 329].) ■ Since there was evidence sufficient to support the finding of sale to the informer, it follows that there was evidence to support the finding that defendant had possessed that narcotic for the purpose of sale and, again were it not for the error hereinafter to be discussed, the conviction on count 1 would also have been proper.[3]

## III

Finally, defendant contends that the evidence of possession of the narcotics—both heroin and marijuana—found in his house should have been excluded because it was the fruit of an admission illegally obtained from him. ■ Although the arresting officers differed in some details, it is not questioned that, after defendant's wife had been handcuffed, one of the officers talked privately with defendant. The officer's own version was as follows:

''Yes, sir; referring to heroin and marijuana. I informed him that if we had to search the location and found any further narcotics and no one claimed ownership of the narcotics that we found, then we would have to arrest everyone

---

[3] Of course, since the possession and sale were part of a single transaction, defendant could not have been subjected to a double punishment and the sentence on count 1 would have had to have been reversed (*People* v. *McFarland* (1962) 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]) even if we could have affirmed the conviction itself.

and leave it up to the courts to decide who was the guilty person. He stated then, 'If I give you the narcotics, you will not take my wife to jail?'

"I stated, 'That is correct.'

"We left the bathroom at that time, went into the kitchen, and he removed some white paper bindles and some white, hand-rolled cigarettes from a coin purse in his wife's purse."

■ A confession secured by a promise of reward or other inducement cannot be received into evidence. (Witkin, Cal. Evidence (1958) § 244, and cases there cited.) ■ The testimony above quoted brings the present case within that rule. Clearly, defendant's admission that he possessed narcotics in addition to those sold to the informer, and defendant's delivery of these additional narcotics to the officers, were induced by the promise that, if he did so, his wife would be released and not prosecuted. ■ For the same reason, and quite apart from any issue as to the right to counsel at interrogation, defendant's confession, made after he was in jail, was a fruit of the illegally obtained admission and should also have been excluded as involuntary.

■ The introduction of an involuntary confession or admission requires reversal of a judgment of conviction, whether or not it was objected to, and without regard to whether or not there is evidence, apart from the illegally obtained confession, which would support the judgment. (*People* v. *Matteson* (1964) 61 Cal.2d 466, 469 [39 Cal.Rptr. 1, 393 P.2d 161].) It follows that although, as we have pointed out above, there was evidence sufficient to support the judgments on counts 1 and 2 (although not as to count 3) without reliance on the admission made at the house or the subsequent conversation in the jail, all the convictions must be reversed.

IV

■ Since probation was revoked, and a jail sentence reinstated, in case No. 9413, solely because of the convictions in case No. 9412, it follows that those orders should be vacated, so that the trial court may exercise its judgment in that case in the light of this opinion and of any subsequent proceedings in case No. 9412.

In case No. 9412, the judgments are reversed; in case No. 9413, the orders revoking probation and reinstating the original sentence are vacated and that case is remanded for further proceedings not inconsistent with this opinion.

Files, P. J., and Jefferson, J., concurred.