[Crim. No. 11197.   In Bank.   Oct. 30, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. MAX MUNOZ GASTELO, Defendant and Appellant.

Frederic G. Marks, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, S. Clark Moore and Richard Tanzer, Deputy Attorneys General, for Plaintiff and Respondent.

TRAYNOR, C. J.—Defendant appeals from a judgment of conviction of possession of heroin in violation of section 11500 of the Health and Safety Code.

The facts are not in dispute. Los Angeles police officers obtained a warrant for the search of the apartment of Donna Trujillo, with whom defendant was living, on the basis of a reliable informant's report that he had purchased narcotics from defendant at Donna's apartment more than 30 times during the previous 45 days. His last purchase was on December 23, 1964. About 8:20 in the morning of Saturday, December 26, 1964, four officers went to Donna's apartment to execute the warrant. Outside they saw an automobile that they believed was defendant's. Two officers went to the rear door of the apartment and two to the front. Without knocking, announcing their purpose or demanding admittance, they forced entry through both doors. Defendant and Donna Trujillo were asleep in the bedroom, and the officers pulled defendant from the bed. They served the warrant, searched the apartment, and found a small packet of heroin between the mattress and box springs of the bed. Defendant was arrested. Two days later, he confessed to possession of the heroin.

Defendant contends that the trial court committed prejudicial error in admitting the heroin into evidence over his objection that it was illegally obtained in violation of Penal Code, section 1531.

Section 1531 provides that to execute a search warrant "The officer may break open any outer or inner door or window of a house, . . . . if, after notice of his authority and purpose, he is refused admittance."

The Attorney General contends that compliance with section 1531 was excused under the rule of *People* v. *Maddox* (1956) 46 Cal.2d 301 [294 P.2d 6].

In *Maddox,* we held that compliance with the substantially identical notice requirements of Penal Code section 844 for making arrests[1] was excused, if the facts known to the officer before his entry were sufficient to support his good faith belief that compliance would have increased his peril or frustrated the arrest. Later cases have included the prevention of destruction of evidence as an additional ground for noncompliance

[1] "To make an arrest, . . . a peace-officer, may break open the door . . . of the house in which the person to be arrested is . . . after having demanded admittance and explained the purpose for which admittance is desired."

with section 844. (*People* v. *Covan* (1960) 178 Cal.App.2d 416 [2 Cal.Rptr. 811]; *People* v. *Morris* (1958) 157 Cal.App.2d 81 [320 P.2d 67].) *Ker* v. *California* (1963) 374 U.S. 23 [10 L.Ed.2d 726, 83 S.Ct. 1623], approved the principle of these cases under Fourth Amendment standards of reasonableness. The same principle supports similar exceptions to the requirements of section 1531.

The Attorney General contends that unannounced forcible entry to execute a search warrant is always reasonable in narcotics cases, on the ground that narcotics violators normally are on the alert to destroy the easily disposable evidence quickly at the first sign of an officer's presence.

We do not agree with this contention. Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved. Indeed in the *Ker* case the court was divided 4 to 4 on the question whether the evidence offered to excuse compliance with the notice and demand requirements was sufficient.[2]

In *Maddox,* the officers knocked, heard a male voice call "wait a minute" followed by the sound of retreating footsteps, and only then forced entry. Similarly, in *People* v. *Carrillo* (1966) 64 Cal.2d 387 [50 Cal.Rptr. 185, 412 P.2d 377], entry followed a knock and observation of suspicious movements. In *People* v. *Smith* (1966) 63 Cal.2d 779 [48 Cal.Rptr. 382, 409 P.2d 222], and *People* v. *Gilbert* (1965) 63 Cal.2d 690 [47 Cal.Rptr. 909, 408 P.2d 365], the officers were in fresh pursuit of gun-wielding defendants. Similarly, in *People* v. *Hammond* (1960) 54 Cal.2d 846 [9 Cal.Rptr. 233, 357 P.2d 289], officers had cause to believe defendant had a gun and was under the influence of heroin at the time of arrest.

Thus we have excused compliance with the statute in accordance with established common law exceptions to the notice and demand requirements on the basis of the specific facts involved. No such basis exists for nullifying the statute in all narcotics cases, and, by logical extension, in all other cases involving easily disposable evidence. The statute does not contain the seeds of such far-reaching self-destruction.

Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unan-

[2]Justice Harlan was of the opinion that Fourth Amendment standards should not be applied to the states. Thus, the judgment of conviction was affirmed, 5-4.

nounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. Otherwise the constitutional test of reasonableness would turn only on practical expediency, and the amendment's primary safeguard—the requirement of particularity—would be lost. Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen. To the extent that *People* v. *Manriquez* (1965) 231 Cal.App.2d 725 [42 Cal.Rptr. 157], and *People* v. *Samuels* (1964) 229 Cal.App.2d 351 [40 Cal.Rptr. 290], are contrary to our conclusion herein, they are disapproved.

Since there was nothing in the present case to justify the officers' failure to comply with section 1531, except an asserted general propensity of narcotics violators to destroy evidence when confronted by police officers, the officers' entry was unlawful. The illegally obtained evidence, which was crucial to the prosecution's case, should therefore have been excluded.

The judgment is reversed.

McComb, J.. Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.