[Crim. No. 13047.   Second Dist., Div. Two.   Nov. 27, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT RIVERA, Defendant and Appellant.

Elinor Chandler for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Brian Amer, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Rivera appeals a judgment of conviction for possession of heroin. (Health & Saf. Code, § 11500.)

On 3 June 1966, Linda Morales informed Deputy Sheriff Trujillo of the Los Angeles County Narcotic Detail that Rivera was selling heroin from the residence of Marie Jacquez on Boulder Street, where he and Mrs. Jacquez's son, Vincent were staying. When Linda said she would be willing to make a purchase of heroin from Rivera for the police, Officer Trujillo gave her $50 of county money whose serial numbers had been recorded. He and his partners followed her to Boulder Street, where they watched her park her car and converse with a man later identified as Rivera. They then saw Rivera go into the Jacquez residence and Linda get out of her car and stand on the sidewalk looking up. A short time later she re-entered her car, drove to the officers, and handed them a small blue package containing a powder which resembled, and in fact was, heroin.

Linda told the officers she had asked Rivera to sell her a quarter-ounce of heroin. He replied he didn't have that much. She then inquired about a half-gram, and Rivera said he had grams for $10 but he was not sure of her. She told him he could trust her and gave him a $10 bill from the recorded county money. After he walked into the house Linda heard her name called, looked up, and saw Rivera at a second-story window throw down the package she delivered to the officers.

The officers went to the Jacquez residence, found Rivera standing on the front porch of the house, and placed him under arrest. Meanwhile, without having demanded admittance Officer Trujillo broke in the front door of the Jacquez house, acting in the belief there were narcotics inside which were likely to be destroyed. He found Vincent Jacquez on a sofa in the front room and arrested him for violation of the state narcotic laws. On both Jacquez's and Rivera's arms were numerous puncture wounds from 24 hours to 2 weeks old. About $200 in currency was found on Rivera, among which was a $10 bill which was part of the recorded money given to Linda. In an upstairs bedroom a small waxpaper sack containing heroin was found hidden in the back of a television set. Mrs. Jacquez testified the upstairs bedroom with the television set was shared by her son and Rivera, who had been staying there about a month before his arrest.

At a joint trial Rivera was convicted and Jacquez acquitted of possession of narcotics.

We find no merit in Rivera's argument on appeal that probable cause for his arrest was lacking. Under well-settled principles of law, the facts of this case provide ample justifi-

cation for the arrest. (*Ker* v. *California*, 374 U.S. 23, 34-36 [10 L.Ed.2d 726, 738-739, 83 S.Ct. 1623] ; *People* v. *Cockrell*, 63 Cal.2d 659, 665 [47 Cal.Rptr. 788, 408 P.2d 116] ; *People* v. *Martinez*, 232 Cal.App.2d 796, 799 [43 Cal.Rptr. 197].)

A more difficult question is whether the forcible entry into the house and the subsequent search of the upstairs bedroom were lawful. Basic law requires that a search and seizure be effected by warrant after a demand for admittance, or as an adjunct to a lawful arrest, in which case the premises under the arrested person's immediate control may be searched. (*People* v. *Cruz*, 61 Cal.2d 861 [40 Cal.Rptr. 841, 395 P.2d 889] ; *People* v. *Gastelo*, 67 Cal.2d 586 [63 Cal.Rptr. 101, 432 P.2d 706], 30 Oct. 1967.) Two questions are raised by the facts of this case: (1) does Rivera's arrest on an outside porch justify a forcible entry without demand into the house and a search of its interior, and (2) does Rivera's arrest on an outside porch justify a forcible entry without demand and a search of the house of a third person, Mrs. Jacquez. Baldly stated, does the arrest of A on B's front porch authorize a forcible entry without demand and a search of B's house as an incident to A's arrest? The restrictions formulated in *People* v. *Gastelo*, 67 Cal.2d 586 [63 Cal. Rptr. 101, 432 P.2d 106] ; *People* v. *Cruz*, 61 Cal.2d 861 [40 Cal.Rptr. 841, 395 P.2d 889] ; *Ker* v. *California*, 374 U.S. 23 [10 L.Ed.2d 726, 83 S.Ct. 1623] ; and *Chapman* v. *United States*, 365 U.S. 610 [5 L.Ed.2d 828, 81 S.Ct. 776], raise considerable uncertainty over the validity of the search and seizure here.

In support of the search it can be argued that the house itself was being used as a base for criminal activity, that it was a justifiable inference that Rivera had confederates inside the house who were subject to immediate detention and arrest. On this theory a lawful arrest of Vincent Jacquez inside the house would justify the search of the upstairs bedroom. In opposition to the search it can be emphasized that there is a substantial difference between peacefully entering upon someone else's walk or front porch, and forcibly breaking down the door of a dwelling house and searching the interior. The differences between the two activities are particularly marked when the house broken into and searched belongs to someone other than the principal suspect. While a wrongful entry on someone else's property is merely a civil trespass, a wrongful breaking into another's dwelling house is a criminal offense. In *People* v. *Gastelo*, 67 Cal.2d 586 [63 Cal.Rptr. 101,

432 P.2d 706], the California Supreme Court held that even when the police are armed with a search warrant, their forcible entry into a dwelling without a demand is prohibited, unless a demand for admittance is excused by such exigent circumstances as hot pursuit of a suspect, activity inside suggesting the destruction of evidence, or apparent danger to life and limb. The suspected presence of narcotics within the premises does not provide a blanket excuse for a failure to demand admittance.

However, it is unnecessary to enter upon any extended analysis of the law of search and seizure and forcible entry in order to decide the present case, for disregarding the material seized inside the house, there was sufficient other evidence before the court to support a finding of Rivera's guilt. Linda's observed conversation with Rivera just prior to his arrest, her immediate return with heroin, the presence of Rivera on the premises, and his possession of $10 in recorded money which had been given Linda to make a purchase, together formed an uncontradicted chain of proof sufficient to sustain his conviction for possession of heroin.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.