Rodney MEYER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21350.

United States Court of Appeals Ninth Circuit.

Dec. 14, 1967.

Arthur Lewis, Forno & Lewis, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Chief Crim. Div., John F. Lally, Asst. U. S. Atty., Gerald F. Uelman (argued), Asst. U. S. Atty., for appellee.

Before BROWNING and ELY, Circuit Judges, and FOLEY, Jr., District Judge.

PER CURIAM:

Appellant contends that the trial court erred in denying his motion to suppress evidence seized when police officers, on two occasions, broke through the door of an apartment in which appellant's co-defendant was engaged in accepting telephone bets on horse races.

The government challenges appellant's standing to object on the ground that he was not present when the searches occurred, and that it does not appear from the record that appellant owned or leased the premises searched. Appellant responds that he did not offer evidence of his interest in the premises at the hearing on the motion to suppress because, by agreement, the motion was determined largely on stipulated facts, and the government did not question his standing. We agree with appellant that in these circumstances his standing cannot be challenged for the first time on appeal.

It was stipulated in the trial court that the officers did not comply with the requirement of section 844, California Penal Code, that before breaking open a door to make an arrest police officers must demand admittance and explain the purpose for which admittance is required.

■ Ordinarily, the validity of an arrest by state officers is to be determined according to the law of the state in which the arrest occurs. United States v. DiRe, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Here, the government conceded that if the entry violated section 844 of the California statute, the arrest and subsequent search were invalid, and the evidence obtained was inadmissible [compare Miller v. United States, 357 U. S. 301, 304–306, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958)], but argued that the entry was lawful because of an exception engrafted upon section 844 by the California courts which excuses demand and explanation before forcing entry where compliance would lead to the destruction of contraband. Ker v. State of California, 374 U.S. 23, 37–41, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

It was stipulated "that the officers forced entry based solely upon their past experience in bookmaking cases" that betting markers and other evidence would be quickly destroyed if notice were given. The government called the district court's attention to a decision of a California intermediate appellate court holding that such general knowledge and experience on the part of local officers was sufficient in itself to justify forcible entry without prior announcement. People v. Russell, 223 Cal.App.2d 733, 36 Cal.Rptr. 27, 29 (1963). Accordingly, the court below denied the motion to suppress.

On October 30, 1967, subsequent to the decision of the trial court, the Supreme Court of California announced its decision in People v. Gastelo, 63 Cal.Rptr. 10, 432 P.2d 706, in which the Supreme Court examined the issue of California law involved here in the context of section 1531

of the California Penal Code. The court noted that section 1531 contains "the substantially identical notice requirements of Penal Code, section 844." The following extracts from the opinion of the Supreme Court of California are pertinent:

The Attorney General contends that unannounced forcible entry to execute a search warrant is always reasonable in narcotics cases, on the ground that narcotics violators normally are on the alert to destroy the easily disposable evidence quickly at the first sign of an officer's presence.

We do not agree with this contention. Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved. Indeed in the Ker case the court was divided 4 to 4 on the question whether the evidence offered to excuse compliance with the notice and demand requirements was sufficient.

In Maddox [People v. Maddox, 46 Cal.2d 301, 294 P.2d 6 (1956)], the officers knocked, heard a male voice call "wait a minute" followed by the sound of retreating footsteps, and only then forced entry. Similarly, in People v. Carrillo (1966) 64 Cal.2d 387, 50 Cal.Rptr. 185, 412 P.2d 377, entry followed a knock and observation of suspicious movements. In People v. Smith (1966) 63 Cal.2d 779, 48 Cal. Rptr. 382, 409 P.2d 222, and People v. Gilbert (1965) 63 Cal.2d 690, 47 Cal. Rptr. 909, 408 P.2d 365, the officers were in fresh pursuit of gun-wielding defendants. Similarly, in People v. Hammond (1960) 54 Cal.2d 846, 9 Cal. Rptr. 233, 357 P.2d 289, officers had cause to believe defendant had a gun and was under the influence of heroin at the time of arrest.

■ Thus we have excused compliance with the statute in accordance with established common law exceptions to the notice and demand requirements on the basis of the specific facts

involved. No such basis exists for nullifying the statute in all narcotics cases, and, by logical extension, in all other cases involving easily disposable evidence. The statute does not contain the seeds of such far-reaching self-destruction.

■ Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. Otherwise the constitutional test of reasonableness would turn only on practical expediency, and the amendment's primary safeguard—the requirement of particularity—would be lost. Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen. To the extent that People v. Manriquez (1965) 231 Cal.App.2d 725, 42 Cal. Rptr. 157, and People v. Samuels (1964) 229 Cal.App.2d 351, 40 Cal. Rptr. 290, are contrary to our conclusion herein, they are disapproved.

Since there was nothing in the present case to justify the officers' failure to comply with section 1531, except an asserted general propensity of narcotics violators to destroy evidence when confronted by police officers, the officers' entry was unlawful. The illegally obtained evidence, which was crucial to the prosecution's case, should therefore have been excluded. [Footnote omitted.]

■ Since it is stipulated that the officers in the present case had no reason for omitting a prior announcement of their identity and purpose except general knowledge that destruction of evidence was likely in this type of offense, the decision in People v. Gastelo requires reversal.

Reversed.