[Civ. No. 32770. Second Dist., Div. Two. Apr. 30, 1968.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOAN HEAP et al., Real Parties in Interest.

Evelle J. Younger, District Attorney, Harry Wood, Harry B. Sondheim and Robert J. Lord, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Richard S. Buckley, Public Defender, M. Gregory Papas and James L. McCormick, Deputy Public Defenders, for Real Parties in Interest.

HERNDON, J.—The People filed a petition for writ of mandate pursuant to the provisions of subdivision (o) of Penal Code section 1538.5 seeking appellate review of the order of the superior court granting the motion of the real parties in interest to suppress evidence in a criminal case. We granted the alternative writ and after hearing we have concluded that the peremptory writ should be granted.

The evidence is not in dispute and the trial court expressly announced its acceptance of the credibility of the testimony of the People's witness introduced at the hearing below. Officer Haldi of the Narcotics Division of the Los Angeles Police Department testified that at approximately 6:30 p.m. on October 30, 1967, he received a telephone call from an unknown informant who declined to identify himself. This person advised the officer that "there were two females living at the rear house at 5732 La Mirada, one female by the name of Carole. The two females living at this residence were using a drug known as methadrine, or called 'speed'; that they were shooting this, injecting this into their arms."

This caller further informed Officer Haldi that the girls "were also using dangerous drugs, barbiturates. Tuinol was named to me at that time, and that they were users of marijuana and that they had a quantity of marijuana in their possession on this date." By way of explaining the source of his knowledge, the informant told the officer that he had observed Carole inject a substance into her arm on one occasion and that on that very day he had been at the residence and "had observed the marijuana in the house."

Officer Haldi and his partner proceeded immediately to the designated address to investigate this charge. After an initial brief surveillance, which the court below correctly determined to have been proper in every particular, the officers walked to the front door of the residence and knocked. When the door was opened by one of the defendants the officers identified themselves as policemen. Through the open door, on a table only 10 feet inside the premises, Officer Haldi could see "a clear plastic bag, sandwich bag" that contained "green plant material" which he believed to be marijuana. He testified that as a result of his work on the Narcotics Division, he had seen

this particular variety of contraband "in excess of a thousand times." Based upon this experience he had concluded from the appearance and color of the substance observed in the present case, together with "the manner in which it was wrapped and the package," that it, too, was proscribed narcotic.

When the defendant who had opened the door sought to close it, the officers quite properly placed her under arrest and entered the premises. They seized the marijuana and certain other dangerous drugs found therein. When a person is actually observed in the commission of a felony, i.e., the act of possessing marijuana, it is self-evident that there exists "such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].)

 The officers in the instant case unquestionably had the right to investigate the report of criminal activities which they had received by knocking on the door of the described premises and seeking an interview with its occupants. (*People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855]; *People* v. *Michael,* 45 Cal.2d 751, 754 [290 P.2d 852].) Since the officers' actions were not "accompanied with any assertion of a right to enter or search or secure answers" (*People* v. *Michael, supra,* p. 754; *People* v. *Shelton,* 60 Cal.2d 740, 746 [36 Cal.Rptr. 433, 388 P.2d 665]), and in no fashion involved "trickery, stealth or subterfuge" (*People* v. *Reeves,* 61 Cal. 2d 268, 273 [38 Cal.Rptr. 1, 391 P.2d 393]), they "cannot be criticized for viewing what is in plain sight and seizing it if it is contraband . . ." (*People* v. *Jolke,* 242 Cal.App.2d 132, 148 [51 Cal.Rptr. 171].)

Although not necessary to our decision herein, it may be noted that in addition to the foregoing evidence which clearly justified the arrest of defendants, and the search and seizure incident thereto, the court below correctly ruled that in connection with their initial surveillance of the premises, the officers quite properly had made observations through an open window of the building and had heard one of the defendants say to another, "You're kind of sweaty and you smell just like methedrine." (*People* v. *Garcia,* 248 Cal.App.2d 284, 287-288 [56 Cal.Rptr. 217]; *People* v. *Willard,* 238 Cal.App.2d 292, 307 [47 Cal.Rptr. 734].)

Let a peremptory writ of mandate issue directing respondent court to vacate the order under review and to enter its order denying the motion to suppress evidence.

Fleming, J., and McCoy, J. pro tem.,* concurred.

A petition for a rehearing was denied May 20, 1968, and the petition of the real parties in interest for a hearing by the Supreme Court was denied June 26, 1968.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.