[Crim. No. 13152.   Second Dist., Div. Four.   May 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. IGNACIO BARRERA MARQUEZ, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard D. Huffman, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged, in two counts, with possession of heroin (Health & Saf. Code, § 11500), and possession of heroin for sale (Health & Saf. Code, § 11500.5). A prior felony conviction was also alleged. Defendant pled not guilty and denied the prior. Trial by jury was duly waived and the matter was submitted on the transcript of the preliminary examination. The court found him guilty on

count I (possession) and not guilty on count II (possession for sale). A motion for new trial was denied, probation was denied, and defendant was sentenced to state prison, the term to run concurrently with "any other time." No disposition was made of the prior conviction alleged against him. He has appealed from the judgment.[1]

■ The evidence against defendant was secured as the result of a search of his apartment. It is not contended (and it could not be contended) that the evidence, if legally procured, was insufficient to sustain the finding of guilt. However, it was urged in the trial court, and is urged here, that the evidence was illegally obtained for two reasons: (1) that it was obtained by use of a search warrant, which warrant had been illegally obtained in that it was based on an inadequate affidavit; and (2) that, even if the warrant had been lawful, it was executed in violation of section 1531 of the Penal Code. Since we agree with the second of these contentions, and since that holding requires a reversal, we do not pass on the validity of the objections made to the affidavit on which the warrant was based.

In executing the warrant that they had obtained, the officers went to the place indicated, waited for approximately 30 seconds, heard a television set in operation but no other sounds, and then, without knocking, announcing their presence, or otherwise requesting admission, kicked in the door and entered.

Defendant argues that this entry violated section 1531 of the Penal Code,[2] as construed in *People* v. *Rosales* (1968) 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489], and *People* v. *Gastelo* (1967) 67 Cal.2d 586 [63 Cal.Rptr. 10, 432 P.2d 706]. We agree.

In *Gastelo*, the Supreme Court said at pages 588 and 589: "The Attorney General contends that unannounced forcible entry to execute a search warrant is always reasonable in narcotics cases, on the ground that narcotic violators normally are on the alert to destroy the easily disposable evidence quickly at the first sign of an officer's presence.

---

[1]After the finding of guilt, the criminal proceedings were suspended for the purpose of instituting proceedings under the Narcotic Rehabilitation Act. Those proceedings resulted in a finding that defendant was neither addicted nor in danger of being addicted; the criminal proceedings were then resumed, resulting in the actions set forth in the text.

[2]Penal Code section 1531 reads: "The officer may break open any outer or inner door ·or window of a house, or any part of a house, or anything therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance."

"We do not agree with this contention. Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved.

". . . . . . . . . . . .

"Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. Otherwise the constitutional test of reasonableness would turn only on practical expediency, and the amendment's primary safeguard—the requirement of particularity—would be lost. Just as the police must have sufficiently particular reason to enter at all, so they must have some particular reason to enter in the manner chosen. . . .

"Since there was nothing in the present case to justify the officers' failure to comply with section 1531, except an asserted general propensity of narcotics violators to destroy evidence when confronted by police officers, the officers' entry was unlawful. The illegally obtained evidence, which was crucial to the prosecution's case, should therefore have been excluded."

The significance of the language just quoted is made evident by the discussion of *Gastelo* and *Rosales* in the subsequent decision in *People* v. *De Santiago* (1969) 71 Cal.2d 18 [76 Cal.Rptr. 809, 453 P.2d 353]. In that case the court said: "Our decision in *People* v. *Gastelo*, . . . clearly forecloses the propriety of noncompliance with section 844 or its counterpart section 1531 when such noncompliance is based solely upon an officer's general experience relative to the disposability of the kind of evidence sought and the propensity of offenders to effect disposal. 'Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen.' (67 Cal.2d at p. 589.)" (*People* v. *De Santiago, supra* (1969) 71 Cal.2d 18, 28.)

The language above quoted applies with equal force to the case at bench. Officer Guenther justified his actions on the following basis:

"Miss Obera: Q. All right. Now, was there any reason for breaking in, rather than ringing the doorbell?

"A. Yes.

"Q. And what was that?

"A. From the information that I had received,[3] if I had announced myself, I was told that the defendant would flush the narcotics down the toilet.

"Q. Now, how long have you had experience in narcotics, Officer?

"A. Over two years.

"Q. Now, have you had any personal experience with narcotics being flushed down the toilet as you tried to announce yourself?

"A. Yes, ma'am.

"Q. Approximately how many occasions?

"A. A dozen."

In *People* v. *De Santiago, supra,* the court did not rule out all entries made without compliance with section 844 (or § 1531). It said (immediately following the language we have quoted above) : "Thus, where officers have obtained particular information which leads them to reasonably conclude that the occupants of an apartment or residence have specifically resolved to effect disposal in the event of police intrusion or have made specific preparations in that regard . . . an unannounced entry may be justified." (*People* v. *De Santiago, supra* (1969) 71 Cal.2d 18, 28.)

The Attorney General points to the statement (above quoted) that " [f]rom the information that I had received, if I had announced myself, I was told that the defendant would flush the narcotics down the toilet." However, we conclude that that testimony, without more, is not enough to show the "particular" information referred to by the Supreme Court in the language just quoted. Even if we were to agree that the affidavit on which the warrant was based sufficiently indicated that the informants had personal knowledge of defendant's narcotic traffic,[4] it contains nothing to show that they had any personal knowledge of his methodology in cases where his establishment was raided. There is nothing in the record to show that defendant had ever before been faced with an announced (or an unannounced) raid by the police, or that, if he had, that either informant knew how he had reacted. The "information," thus, is no more than the informants' opinion that defendant probably would destroy the evidence because narcotic violators often do so when the police seek

---

[3]The officer later testified that the information received came from one of the informants referred to in the affidavit for the search warrant.

[4]As we have said above, we do not determine the sufficiency of the affidavit in that particular, or in other particulars as to which it is attacked.

entry. As such, it adds nothing to the officers' own blanket attitude toward narcotic searches as a class—a basis, as we have seen, expressly rejected in *Gastelo* and in *De Santiago*.

The case was tried prior to the filing of those opinions. Whether or not, on a retrial, the People can produce additional evidence sufficient to satisfy the rules therein announced we cannot know. On this record, the entry—and therefore the search that followed—was illegal; absent the evidence obtained as a result of that search, there is nothing to support the conviction.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.