[Crim. No. 15636.  Second Dist., Div. Five. ·Nov. 24, 1969.] ·

THE PEOPLE, Plaintiff and Appellant, v.
ANTHONY BAXTER BOONE et al., Defendants and Respondents.

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Everett E. Ricks, Jr., and Ronald D. Brodsky for Defendants and Respondents.

## OPINION

**AISO, J.**—The three defendants were charged by information with illegal possession of marijuana (Health & Saf. Code, § 11530). Motions to suppress the contraband evidence were made under section 1538.5 of the Penal Code. The trial court granted the motions upon the theory that the police officers had failed to comply with section 844 of the Penal Code in gaining admission to defendants' apartment, and thereafter dismissed the case pursuant to section 1385 of the Penal Code. The People appeal from the order of dismissal made prior to trial. (Pen. Code, § 1238, subd. 7;

*People* v. *Superior Court* (1969) 276 Cal.App.2d 581, 585 [81 Cal.Rptr. 42].)

The evidence consisted of the transcript of the preliminary hearing supplemented by additional testimony by the arresting officer, Robert A. Fowks, a Long Beach police officer. He testified as follows: He was assigned to the "Patrol Division, Graveyard." He was the arresting officer. The arrest occurred at 1337 Chesnut, Apartment No. 10. He and his partner had been dispatched to the location on a "disturbance" call. Upon reaching the location about 2:25 a.m., they were contacted by the party who had made the report and that party pointed out the apartment from which the noise was coming. Loud noise, "some type of music," was heard from the hallway, so he knocked on the door. Neither he nor his partner identified himself as a police officer prior to knocking. They were, however, attired in police uniforms. Defendant Boone "answered the door" and opened it approximately "a foot and a half." Fowks had used his flashlight coming up the stairs and it was still on and in his hand when the door was opened. He smelled the odor of smoked marijuana as the door opened. Using his flashlight, he looked into the rather dimly lighted apartment through the door opening and noticed an aluminum pan (like a "cookie sheet") about five feet away on the carpeted floor with green leafy material, which he believed to be marijuana, in it. He had seen marijuana previously 50 or 60 times.

Upon observing the marijuana, the officer pushed open the door and walked into the apartment. Inside the apartment, he saw defendant Porter lying on the carpet and defendant Dixon on the couch. He also observed another pan (like a "baking pan") with green leafy material and a strainer in it. In close proximity to both pans, there were a large water pipe and a light fixture (light deflector), which appeared to be used as an ashtray. The light deflector had "numerous cigarette butts, debris of handrolled cigarettes," "roaches," and a couple of "joints, or unsmoked marijuana cigarettes." In a kitchen drawer, the officer found two wax paper bags containing green leafy material. He then placed the defendants under arrest. No question is raised as to the green leafy material being marijuana.

Defense counsel argued in the trial court that the search and seizure was illegal for a failure to comply with section 844[1] of the Penal Code

---

[1]Penal Code section 844: "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired."

and they cite *People* v. *Rosales* (1968) 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489] in their briefs in support of the trial court's ruling in favor of defendants. We do not think that either the code section cited or *Rosales* is apposite to the situation presented by this case. The factual circumstances presented here likewise do not represent the situation "when an officer has personal knowledge that a felony is being committed in an apartment . . . contemporaneously with his entry" which was discussed in *People* v. *De Santiago* (1969) 71 Cal.2d 18, 29 [76 Cal.Rptr. 809, 453 P.2d 353].

There is nothing in the evidence to show that the officers went to the door of defendants' apartment with the intention of making an arrest at the time they knocked on the door. A private citizen had complained of the loud music emanating from the apartment at 2:25 a.m., and they went to defendants' apartment for the purpose of investigating the citizen's complaint. We do not believe section 844 was intended to apply to such a situation. ■ Officers are permitted to seek interviews of persons at their homes and there is nothing illegal about looking through the open door, which is opened without any show of force or coercion. (*People* v. *Torres* (1961) 56 Cal.2d 864, 867 [17 Cal.Rptr. 495, 366 P.2d 823], cert. denied, 369 U.S. 838 [7 L.Ed.2d 842, 82 S.Ct. 866]; *People* v. *Michael* (1955) 45 Cal.2d 751, 754 [290 P.2d 852]; *People* v. *Superior Court* (1968) 261 Cal.App.2d 687, 688-689 [68 Cal.Rptr. 281]; *People* v. *Rodriquez* (1963) 212 Cal.App.2d 525, 529 [28 Cal.Rptr. 150].) ■ Looking through a partially open door is not an illegal search. (*People* v. *Escoto* (1960) 185 Cal.App.2d 599, 603 [8 Cal.Rptr. 488].) ■ Here the observation of the aluminum pan with green leafy material resembling marijuana was made by the officer from a place where he had a right to be and which was open to his eyes. (*People* v. *Berutko* (1969) 71 Cal.2d 84, 92 [77 Cal.Rptr. 217, 453 P.2d 721]; *People* v. *Marshall* (1968) 69 Cal.2d 51, 58 [69 Cal.Rptr. 585, 442 P.2d 665].) What was in plain sight was also confirmed by the officer's sense of smell. (*People* v. *Marshall, supra,* at p. 59.) The officer did not have to close his eyes to what was in plain sight. (*People* v. *Marshall, supra,* at p. 56; *People* v. *Roberts* (1956) 47 Cal.2d 374, 379-380 [303 P.2d 721].) With this probable cause, the search lawfully could precede the arrests (*People* v. *Marshall, supra,* at p. 61). It would run counter to common sense to hold that in this situation, the officer would have to re-knock on the door and stop to tell defendant Boone why he was coming in and to step aside.

Defendants argue that the use of the flashlight constituted an illegal intrusion by light beam. We do not agree. While we have found no Cali-

fornia case dealing with the use of a flashlight in the factual context presented by this case, the decisions have uniformly held that use of a flashlight to look inside of a vehicle or a truck van from outside of the vehicle does not constitute an illegal search. (E.g., *People* v. *McVey* (1966) 243 Cal.App.2d 215, 219 [52 Cal.Rptr. 269]; *People* v. *Davis* (1963) 222 Cal.App.2d 75, 78 [34 Cal.Rptr. 796]; *People* v. *Gibson* (1963) 220 Cal.App.2d 15, 23 [33 Cal.Rptr. 775]; *People* v. *Foote* (1962) 207 Cal.App.2d 860, 865 [24 Cal.Rptr. 752]; *People* v. *McLaine* (1962) 204 Cal.App.2d 96, 101-102 [22 Cal.Rptr. 72]; *People* v. *Porter* (1961) 196 Cal.App.2d 684, 685, 686-687 [16 Cal.Rptr. 886].) In *People* v. *Cerda* (1967) 254 Cal.App.2d 16, 20 [61 Cal.Rptr. 784], the officer put his flashlight on defendant's wallet through which the defendant was searching at night time for his identification papers. This enabled the officer to observe a folded check which turned out to be forged. The court held that the use of the flashlight did not constitute a search. (At p. 23.) In *People* v. *Lees* (1967) 257 Cal.App.2d 363, 368 [64 Cal.Rptr. 888], the court held that the use of a flashlight through the cracks in a garage wall to ascertain from the adjoining garage that defendant had stolen goods in his garage did not constitute an unlawful entry and a search. No cognizable legal factor why we should hold differently where the officer beamed his flashlight five feet or so inside an apartment, where the door was voluntarily opened by a defendant, has been brought to our attention. Nor does any such consideration come to mind. We, therefore, hold that the use of the flashlight in this instance did not constitute an illegal search.

The scope of the search extending into the kitchen raises the problem of *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]; however, that case does not have retroactive application (*People* v. *Edwards* (1969) 71 Cal.2d 1096, 1107 [80 Cal.Rptr. 633, 458 P.2d 713]; *People* v. *Superior Court* (1969) *supra,* 276 Cal.App.2d 581, 588) to the search in this case which took place on or about December 9, 1967.

The order dismissing the information is reversed as to all three defendants.

Kaus, P.J., and Reppy, J., concurred.