[Crim. No. 16156. Second Dist., Div. Two. Apr. 17, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM EDWARD KAHRE, Defendant and Appellant.

**COUNSEL**

Kenneth Foley for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael A. Heaman, Deputy Attorney General for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—William Kahre and two others charged by information on five of seven separate counts, with conspiracy to commit bookmaking (Pen. Code, § 182), engaging in bookmaking (Pen. Code, § 337a, subd. 1), recording and registering bets (Pen. Code, § 337a, subd. 4), and accepting bets (Pen. Code, § 337a, subd. 6), was found guilty on counts 1, 2, 6 and 7. Proceedings were suspended and Kahre was placed on probation. He appeals from the "judgment and sentence" thus rendered.

A preliminary hearing was held on January 26, 1968. Appellant and two codefendants were held to answer. Appearing on March 21, 1968, in response to the above information, the appellant and his codefendants waived trial by jury and submitted the case on the transcript of the preliminary hearing. No new evidence was offered. There is no question as to regularity of the waiver and the stipulated submission. Trial was held on June 21, 1968. Motions under Penal Code, sections 995 and 1538.5 were denied.

On September 23, 1967, Officer Sullivan of the Los Angeles Police Department went to appellant's apartment in North Hollywood with a search warrant. Sullivan with several other officers, was acting pursuant to a plan to effect the arrests of appellant and his codefendants.

Without knocking or identifying himself, Officer Sullivan forced entry into appellant's apartment. As he entered, appellant was wiping the top of the kitchen table with a blue sponge. Officer Sullivan, stipulated to be an expert in bookmaking activities, testified that he believed appellant was in the act of wiping writings off the table top. On the table were copies of the National Daily Reporter and the J.K. Sports Journal with pencil notations.

While Officer Sullivan was in the apartment, he answered calls received on two telephones, and in response thereto, wrote down "numerous" bets on football games and horse races. The persons calling in the bets identified themselves with various code names.

The information obtained by Sullivan, including the code names, was conveyed to his partners who then effected the arrests of the codefendants. Appellant does not question the sufficiency of the evidence to link his operations with the calls of his codefendants which support his conviction on the conspiracy charge.

Appellant's primary contention is that his motion to suppress the evidence was improperly denied because Officer Sullivan failed to comply with

the requirements of Penal Code, section 1531 when executing a search warrant.

■ When asked why he had forced entry into the apartment without any announcement, Officer Sullivan testified: "I had previous knowledge that . . . Kahre would be in the apartment. I have participated in the arrest of . . . Kahre in the past, and I reviewed his past arrest record and in the past he has destroyed evidence upon entry by officers in bookmaking cases." The following testimony then took place: BY MR. CARROLL: "Q. Officer, in what ways did he destroy evidence, to your knowledge at the time you entered? A. In the past he has been arrested while sitting on a telephone relay spot, and in the past he has wiped formica table tops with wet rags or sponges on at least two occasions that I know of. Q. So on this particular date you entered without announcing your presence? A. That's correct. Q. Had you discussed the propensities of this suspect with your fellow officers? A. Yes, I had. Q. Had all of you discussed the whole case together before the warrants were served? A. Yes, we had."

The knowledge of Officer Sullivan detailed above brings his failure to comply with the entry requirements of section 1531 squarely within the exception to those requirements which has been clearly articulated by our Supreme Court. In *People* v. *De Santiago,* 71 Cal.2d 18, 28 [76 Cal.Rptr. 809, 453 P.2d 353], the court says at pages 28, 29: " 'Our decision in *People* v. *Gastelo, supra,* 67 Cal.2d 586 [63 Cal.Rptr. 10, 432 P.2d 706], clearly forecloses the propriety of noncompliance with section 844 or its counterpart section 1531 when such noncompliance *is based solely upon an officer's general experience relative to the disposability of the kind of evidence sought and the propensity of offenders to effect disposal.'* Just as the police must have sufficiently particular reason to enter at all, *so must they have some particular reason to enter in the manner chosen.'* (67 Cal.2d at p. 589). Moreover, the particular reason for entry must be based upon the specific facts of the case. Thus, where officers have obtained particular information which leads them to reasonably conclude that the occupants of an apartment or residence have specifically resolved to effect disposal in the event of police intrusion or have made specific preparations in that regard [citations], . . . an unannounced entry may be justified." (Italics added; see also, *People* v. *Maddox,* 46 Cal.2d 301 [294 P.2d 6]; *People* v. *Newell,* 272 Cal.App.2d 638, 643 [77 Cal.Rptr. 771].)

At bench, Officer Sullivan's knowledge was not "general" of the "propensity of offenders to effect disposal." He had actual specific knowledge

of the habits of the appellant when faced with an announcement of entry.

Appellant also argues that there was insufficient evidence to prove violations of Penal Code section 337a, subdivisions 4 (recording bets) and 6 (accepting bets). There is no merit to this argument. ■ The fact that appellant had succeeded in wiping the table would not preclude the court from finding, from Officer Sullivan's expert testimony, that appellant had accepted and recorded bets. ■ "A judgment will not be reversed unless upon no reasonable hypothesis whatsoever is there sufficient evidence to support the trier of fact's conclusion, and an appellate court will assume the existence of every fact in support of the judgment that can reasonably be deduced from the evidence." (*People* v. *Bard*, 70 Cal.2d 3, 4-5 [73 Cal.Rptr. 547, 447 P.2d 939]; *People* v. *Daugherty*, 40 Cal.2d 876, 885-886 [256 P.2d 911]; *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

■ Although not assigned as error on appeal, we note that through inadvertence, the order suspending proceedings and granting probation incorrectly states that appellant was found guilty of counts 1, 2, 4, 5, 6 and 7. In fact, he was not charged in counts 4 and 5 and was found guilty of counts 1, 2, 6 and 7. No finding was made on count 3. The order suspending proceedings and the judgment should therefore be modified to show correctly the counts upon which appellant was convicted.

The judgment, as modified, is affirmed.

Herndon, J., and Wright, J., concurred.