[Crim. No. 18630. Second Dist., Div. Three. Dec. 31, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY ALLEN MESARIS, Defendant and Appellant.

## COUNSEL

Freedman & Osborne and Carl K. Osborne for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Russell Iungerich and Allan J. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COBEY, J.**—Leroy Allen Mesaris appeals from a judgment (order granting probation) following his being found guilty of possession of marijuana for sale. (Health & Saf. Code, § 11530.5.) The sole basis for the appeal is that the marijuana was obtained by the police by an unconstitutional search and seizure. We agree and reverse.

### THE FACTS

About 3:15 to 3:30 p.m. on February 2, 1969, Sergeant Brennan of the Narcotics Division of the Los Angeles Police Department informed Sergeant Odom and Officers Lopez and Meyers that he had received a telephone call from a Mr. Konopasek who stated that while repairing a refrigerator for Sears at 1771 Laurel Canyon Boulevard he had found two bags containing a substance which appeared to be marijuana and that since he was scared of the consequences the police should ask directly for him and should not identify themselves to the people there.

The three officers in civilian clothes proceeded in about an hour to the location without either a search or an arrest warrant. Sergeant Odom knocked on the door and asked for the Sears repairman. Codefendant Laurie Ann Huff, who had responded to the knock, said, "he is in the kitchen," and pointed in its direction. The officers went to the kitchen, identified themselves to the repairman and he handed them two clear plastic bags containing a green leafy substance resembling marijuana. The repair-

man told the officers that he had found the bags inside the motor. The substance which the bags contained was later proven to be marijuana.

The officers returned to the living room and arrested Huff and codefendant Laurel Dee Lovendahl who was kneeling and chanting in front of what they called a Buddhist temple. The police advised them of their constitutional rights as required by *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. They then searched the three bedrooms and two bathrooms of the house and found marijuana and hashish concealed and in plain sight in various places, together with some paraphernalia for sifting and weighing marijuana for sale.

Appellant entered the residence approximately three minutes after the police had placed his two codefendants under arrest and after the police had found the marijuana in the kitchen. The police asked him who he was and he responded, "Mr. Mesaris." They asked him if he lived there and he said he did.[1] He was then placed under arrest, advised of his *Miranda* rights and subjected to a search of his person which uncovered marijuana debris in a coat pocket.

The police told him to sit down in the living room while they continued their search of the house. This search uncovered much further evidence of appellant's residence in the house. Following the completion of the search of the house the police took from appellant's possession three keys which they found fitted the front door of the house and the door to the one locked bedroom in which some contraband had been found.

### DISCUSSION

■ To be constitutional, absent emergency circumstances, the search of a house by police without a search warrant must either be based on a valid consent or be incident to a lawful arrest. (See *People* v. *Huber,* 232 Cal.App.2d 663, 666-667 [43 Cal.Rptr. 65].) There was no valid consent given to the search made of this house because no request for such consent was ever made. Accordingly the search before us may be constitutionally justified only if it was incident to a lawful arrest.

---

[1] This questioning by the police of appellant without the giving of the warnings and the taking of the waivers required by *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], when probable cause for his arrest existed, appears to have been a violation of *Miranda.* (See *People* v. *Wright,* 273 Cal.App.2d 325, 333-334 [78 Cal.Rptr. 75].) We hold this federal constitutional error to have been harmless beyond a reasonable doubt in view of the much further evidence uncovered by the police subsequently of appellant's residence in the house. (See *Chapman* v. *California,* 386 U.S. 18, 23-24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065]; *Harrington* v. *California,* 395 U.S. 250, 254 [23 L.Ed.2d 284, 287-288, 89 S.Ct. 1726].)

■ One species of lawful arrest without a warrant is one made on probable cause for commission of a felony. (See Pen. Code, § 836, subd. 3.) For such an arrest to be lawful, entry into the house for purpose of arrest must likewise be lawful. ■ An entry through a door opened for that purpose is either consensual or nonconsensual. An entry which is obtained by the police through an opened door for an ostensible purpose different from their real purpose is not a consensual entry because of the trickery involved in obtaining the consent. (See *People* v. *Roberts,* 47 Cal.2d 374, 378 [303 P.2d 721]; *Mann* v. *Superior Court,* 3 Cal.3d 1, 9 [88 Cal.Rptr. 380, 472 P.2d 468]; *People* v. *Miller,* 248 Cal.App.2d 731, 737 [56 Cal.Rptr. 865]; *People* v. *Hodson,* 225 Cal.App.2d 554, 557 [37 Cal.Rptr. 575].) It is instead a nonconsensual entry and, therefore, if made for the purpose of arrest, is subject to the requirements of Penal Code section 844.[2]

The Attorney General argues that the entry of the police in this case was not within the scope of the statute since it was made for the purpose of investigation rather than for the purpose of arrest. According to him the police entered to verify the information the citizen informer had given them that specified criminal activity was occurring there.[3] We do not doubt that the duty of the police to detect crime dictated their checking out the accuracy of the repairman's report as quickly as they could. But when they reached the closed door of appellant's house they reached a private area expressly protected from governmental intrusion by the Fourth and Fourteenth Amendments to the United States Constitution and by article I, section 19 of the California Constitution. In order for the police, without a search warrant, to gain access lawfully to this private area through a closed door for a nonarrest purpose they had to have a valid consent. (See *Camara* v. *Municipal Court,* 387 U.S. 523, 528-529 [18 L.Ed.2d 930, 935, 87 S.Ct. 1727]; *People* v. *Shelton,* 60 Cal.2d 740, 746 [36 Cal.Rptr. 433, 388 P.2d 665].) This they did not have. ■ The constitutional right of privacy of an occupant of a house against police intrusion extends to entries for purposes of investigation as well as to those for purpose of arrest.

The Attorney General also argues that before entering the house, the police had probable cause to arrest its occupants for possession of marijuana

---

[2]We realize that this holding apparently conflicts with that of *People* v. *Superior Court,* 5 Cal.App.3d 109, 113 [84 Cal.Rptr. 778]. It is, however, in accord with the holding of *People* v. *Reeves,* 61 Cal.2d 268, 273 [38 Cal.Rptr. 1, 391 P.2d 393] that "It is well settled by both federal and state decisions that 'an entry obtained by trickery, stealth or subterfuge renders a search and seizure invalid.'"

[3]The intent of the police in entering the house was a mixed one. It was contingent upon the result of their interview with the repairman. If it verified his report, they intended to arrest the occupants of the house. If it did not, no arrests would be made.

on the strength of the repairman's report alone. Even if this be so,[4] presumably they entered the house not to investigate but to arrest. If this was their purpose then, as we have already noted, their entry was subject to Penal Code section 844. (See *Duke* v. *Superior Court,* 1 Cal.3d 314, 318-319 [82 Cal.Rptr. 348, 461 P.2d 628].) ■ But they made no attempt to comply with this statute and noncompliance with its requirements is excused only if it is established that the officers acted on a reasonable and good faith belief that compliance would increase their peril, frustrate an arrest or permit the destruction of evidence. (*People* v. *Rosales,* 68 Cal.2d 299, 305 [66 Cal.Rptr. 1, 437 P.2d 489].) ■ All that was shown here in this connection was that these officers made their entry without identification and without statement of purpose in order to protect the repairman from possible immediate reprisal. The repairman, however, had not given the police any specific basis for his fears on this score and without such a basis noncompliance on this ground was not constitutionally warranted.[5] (See *People* v. *Gastelo,* 67 Cal. 2d 586, 588-589 [63 Cal.Rptr. 10, 432 P.2d 706].)

Since the entry of the police into the house was unlawful the subsequent warrantless arrest of appellant was likewise unlawful and the marijuana obtained in the search of his house incident to such an arrest should have been excluded from evidence. (*People* v. *Bradley,* 1 Cal.3d 80, 89 [81 Cal.Rptr. 457, 460 P.2d 129].)

The judgment (order granting probation) is reversed.

Schweitzer, Acting P. J., concurred.

**ALLPORT, J.**—I dissent.

I would affirm the judgment. I do not agree with the majority that the contraband was obtained as the result of an unconstitutional search and seizure. The officers made a consensual entry for the purpose of investigating information obtained from a citizen informer as to possible criminal activity. Penal Code section 844 is inapplicable to such an entry. (See *Mann* v. *Superior Court,* 3 Cal.3d 1, 8-9 [88 Cal.Rptr. 380, 472 P.2d 468].) I do not agree that the entry was obtained as a result of trickery or subterfuge.

---

[4]We do not decide this point. The repairman appears to have been a citizen-informer. (See *People* v. *Waller,* 260 Cal.App.2d 131, 137 [67 Cal.Rptr. 8].) The absence, however, of any showing that the repairman had any expertise in the recognition of marijuana would suggest that the police had no probable cause to arrest the occupants of the house solely on the basis of the repairman's reported observations. (See discussion by Justice Sims of the issue of unknowledgeable observations in *People* v. *Baker,* 12 Cal.App.3d 826, 841-842 [90 Cal.Rptr. 508].)

[5]Obviously the police could have insured the protection of the citizen informer in many other ways.

The police knocked on the door and asked for the Sears repairman. Defendant Huff's action in stating "he is in the kitchen" and pointing in that direction was clearly a consent and invitation to the officers to enter. The majority's reliance upon *Roberts* and *Hodson* to support the conclusion to the contrary is misplaced. Neither is authority for the proposition that the entry in the instant case was obtained by trickery, stealth or subterfuge. The announcement requirements of section 844 were not applicable under the facts of this case. (See *Mann, supra; People* v. *Boone,* 2 Cal.App.3d 66, 68-70 [82 Cal.Rptr. 398].)

Appellant's petition for a hearing by the Supreme Court was denied February 24, 1971. Burke, J., was of the opinion that the petition should be granted.