PEOPLE *v.* MUSK.

INTOXICATING LIQUORS—SEARCHES AND SEIZURES—AFFIDAVITS.
An affidavit for a search warrant stating that deponent
had seen intoxicated persons on the premises, had seen
persons drinking moonshine whisky on the premises, and
had seen whisky purchased on the premises without stat-
ing when such things were seen, or from whom whisky
was purchased, was fatally defective and a warrant issued
thereunder was invalid.[1]

Error to Muskegon; Vanderwerp (John), J.  Sub-
mitted April 16, 1925.  (Docket No. 111.)  Decided
May 14, 1925.

Benny Musk was convicted of violating the liquor
law, and sentenced to imprisonment for not less than
six months nor more than one year in the Michigan
reformatory at Ionia.  Reversed, and defendant dis-
charged.

*F. E. Wetmore,* for appellant.

*Andrew B. Dougherty,* Attorney General, *R. Glen
Dunn,* Prosecuting Attorney, and *Robert H. Dunn,*
Assistant Prosecuting Attorney (*Harry W. Jackson,*
of counsel), for the people.

MOORE, J.  The sole question in this case arises
out of the claimed invalidity of the search warrant
and the proceedings taken under it.  On the 26th
day of October, 1924, one Frank Bettenbender made
an affidavit before a justice of the peace, asking for
a search warrant.  This affidavit was in the usual

[1]Intoxicating Liquors, 33 C. J. § 371 (Anno).
On constitutional guaranties against unreasonable search and
seizure as applied to search for and seizure of intoxicating liquor,
see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709.

form and stated that the reasons for the belief of the affiant were:

"Deponent has seen intoxicated persons on the premises. Deponent has seen persons drinking moonshine whisky on the premises. Deponent has seen whisky purchased on the premises."

Acting under the search warrant issued on this complaint the officer made a search of the premises described in the warrant and took possession of one and one-half pints of moonshine whisky. The defendant thereupon filed a motion to suppress "all the evidence in this cause relating in any manner to any liquors obtained by the officers in their search," and asking further for an order "quashing the complaint, warrant and information in this cause and discharging the respondent from further custody or trial in said cause." This motion was overruled. The case came on for trial. When the liquor was offered in evidence objection was made to its reception. This was overruled and the trial resulted in the conviction of defendant, and his sentence by the trial judge. The case is in this court by writ of error.

Counsel for the people seek to sustain the conviction by citing *People* v. *Christiansen,* 220 Mich. 506; *People* v. *Warner,* 221 Mich. 657. We think those cases are not controlling.

It will be noticed that in the affidavit it was not stated when the intoxicated persons were seen, nor when persons drinking moonshine whisky on the premises did the drinking, nor when the whisky was purchased, nor from whom it was purchased. We think the affidavit was fatally defective and that the warrant was invalid. See *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505) ; *People* v. *Effelberg,* 220 Mich. 528; *People* v. *Hertz,* 223 Mich. 170; *People* v. *Musk,* 221 Mich. 578; *People* v. *Preuss,* 225 Mich.

115; *People* v. *Chippewa Circuit Judge,* 226 Mich.
326; *People* v. *Mushlock,* 226 Mich. 600.

The conviction and judgment are reversed and defendant is discharged.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.