A. A. LOFTIN, ALIAS SHORTY LOFTIN V. THE STATE.

No. 13690. Delivered November 12, 1930.
Rehearing denied January 7, 1931.
Reported in 33 S. W. (2d) 1071.

The opinion states the case.

*Johnson & Millwee* of Colorado, Texas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for three years.

Operating under a search warrant, an officer searched appellant's private residence and found therein a large quantity of whisky. The state relied for a conviction upon the testimony of the officer touching the result of the search. Appellant offered no testimony.

The two bills of exception found in the record relate to appellant's objection to the testimony touching the result of the search, the ground of objection being that the affidavit for the search warrant failed to show that appellant's residence was a place where intoxicating liquor was sold or manufactured. An inspection of the affidavit discloses that affiants averred that they had been informed by reliable persons that appellant was selling intoxicating liquor, and that a reliable person had stated to them that he had purchased intoxicating liquor from appellant at the premises described in the affidavit. The averment referred to sufficiently complies with the demands of Art. 691, P. C. Antner v. State, 25 S. W. (2d) 860.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Considering the motion for rehearing which urges that the affidavit for search warrant does not show that the private residence of appellant is a place where intoxicating liquor is sold or manufactured,—we observe that Art. 691, P. C., wherein appears the above as a requirement, refers to and includes the affidavit as a whole, that is,—all those things so sworn to by the makers of the affidavit may be looked to and considered in determining legal sufficiency. We find in the third paragraph of the

affidavit in the case before us, as reflected by the bill of exception, the following: "(3) That they have been informed by reliable persons * * * that A. A. Loftin is selling liquor capable of producing intoxication, * * * and that they have had a reliable person to tell them that he has purchased intoxicating liquor from A. A. Loftin, at said above described premises. * * * R. E. Gregory, A. D. Kuykendall. Sworn to and subscribed," etc. This we hold to be a sufficient showing in the affidavit. Villareal v. State, 21 S. W. (2d) 739. This we do not think contrary to anything said in Torres v. State, 18 S. W. (2d) 179, or Green v. State, 12 S. W. (2d) 790.

The motion for rehearing will be overruled.

*Overruled.*