R. D. Hartless v. The State.

No. 14991.  Delivered March 9, 1932.
Rehearing Denied June 15, 1932.
Reported in 50 S. W. (2d) 1097.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

Appellant's residence was searched by officers and nine half-gallon jars of whisky found therein.  The affidavit for search warrant sets out that the makers thereof had been recently informed by two credible persons that each of them upon separate occasions had visited the described

residence of appellant and purchased intoxicating liquor from him; that said purchases had been recently made; that appellant said to said parties that he was never out of whisky and they could buy it from him at any time. This affords sufficient ground for the issuance of the search warrant. Loftin v. State, 116 Texas Crim. Rep., 244, 33 S. W. (2d) 1071. The magistrate had judicial discretion in the matter, the exercise of which will not be disturbed by us. Bird v. State, 110 Texas Crim. Rep., 99, 7 S. W. (2d) 953; Piper v. State, 116 Texas Cirm. Rep., 378, 34 S. W. (2d) 284.

Appellant did not testify. His wife swore that the whisky, most of which was found in a secret, built-in closet, was hers and had by her for medicine. She was supported by a doctor who testified that while he had never written a prescription for whisky, he had prescribed the use of whisky as good for Mrs. Hartless at certain times, and that it was necessary for her to use it. The jury were told in the charge of the court that if they found from the evidence, or had a reasonable doubt thereof, that the whisky found by the officers was possessed for medicinal purposes, they should acquit. Mrs. Hartless testified that she used about a pint of whisky every three months as medicine, and admitted on cross-examination that at this rate she had enough whisky on hand to last her nine years. We do not think the verdict without support in the testimony.

Appellant asked for a continuance because of the absence of a witness by whom he expected to prove that said witness was a professional nurse, and that she lived near appellant at the time the liquor in question was found in his home, and that she would further testify that "said liquor at such time was being used by defendant's wife under the direction of witness, as a medicine * * * and that the alleged intoxicating liquor was constantly kept on hand by appellant's wife for medicine, as directed by Dr. C. G. Rogers." This was a subsequent application, and appears fatally defective in failing to allege that the absence of said witness was neither by the procurement nor consent of appellant. Woods v. State, 115 Texas Crim. Rep., 373, 28 S. W. (2d) 554. We note further, however, that the affidavit of the absent witness as attached to appellant's motion for new trial, which was controverted by the state, was contradicted in some very material matters by another affidavit made by the same witness which was attached to the state's traverse. In the latter affidavit the witness affirmed that she had waited only twice upon appellant's wife prior to the time of the search of his house by said officers. She stated that on each of said two occasions she had administered whisky to appellant's wife. It is stated that on each of said two occasions she had administered whisky to appellant's wife. It is stated in the affidavit that on one of these occasions she asked appellant if he had whisky in the house, and he informed her that he did and got her some, and that on another occasion appellant's wife told witness where the whisky was and

she got it. The affidavit quite positively states that the witness knew nothing about the whisky that was in the house at the time the officers searched same, eiher as to its quantity or ownership. In so far°as the use of the testimony of this witness to show that appellant's wife used whisky for medicine, it would be but cumulative of that of Dr. Rogers, who testified to this fact. The overruling of a second application for continuance sought to obtain testimony which is cumulative, is not error. Ruffin v. State, 107 Texas Crim. Rep., 530, 298 S. W., 287; Walker v. State, 105 Texas Crim. Rep., 141, 287 S. W., 497; Flores v. State, 116 Texas. Crim. Rep., 169, 32 S. W. (2d) 858; Wiley v. State, 117 Texas Crim. Rep., 449, 36 S. W. (2d) 495.

No reversible error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing, appellant contends that the search warrant is defective; first, because in the affidavit the names of the persons from whom the affiants received information touching the violation of the law by the appellant are not disclosed; second, that the affidavit on its face is rendered defective by the use of the word "recently." That part of the affidavit which is pertinent is as follows: "* * * that affiants were recently informed by two credible persons that each of them and upon separate occasions had visited the place * * * and purchased intoxicating liquor from said Hartless; *said purchases having been recently made and affiants were further informed that Hartless had a large quantity of intoxicating liquor stored in the right rear room of said house and Hartless stated to said parties and each of them that he was never out of whisky and that they could buy it from him at any time.*"

In this state the requirement has gone no further than as stated in the affidavit in question, namely, that the search warrant may be issued upon an affidavit showing that the affiants based their affidavit upon information obtained from credible persons of the existence of specific acts set out in the affidavit. It has not been held in this state that the names of the persons from whom the affiants obtained their information must be set out in the affidavit.

Touching the first point, while taking into account the decisions of other states, there is a conflict of opinion, those in this state are in harmony and against the contention advanced by the appellant. Among the decisions of this court upon the subject are Rozner v. State, 109 Texas Crim. Rep., 127, 3 S. W. (2d) 441; Hamilton v. State, 120 Texas Crim. Rep., 154, 48 S. W. (2d) 1005; Davis v. State, 117 Texas Crim. Rep., 167, 36 S. W. (2d) 500; Bird v. State, 110 Texas Crim. Rep., 99, 7 S. W. (2d) 953; Piper v. State, 116 Texas Crim. Rep., 378, 34 S. W.

(2d) 283; Ruhmann v. State, 113 Texas Crim. Rep., 527, 22 S. W. (2d) 1069. Some of the decisions of other states are listed in Cornelius on Search & Seizure, 2nd Ed., pp. 413-415.

In some states the terms of the affidavit have been prescribed by statute declaring that it shall only be necessary that the affiant swear that they have good reason to believe and do believe. that the law is being violated, etc. The language of the Constitution (art. 1, sec. 9) is that "no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." The term "probable cause," as stated above, is not defined by statute. In different American jurisdictions there is a variety of opinion as to just what language is necessary in the affidavit to comply with the requirement of the Constitution. Compliance with the spirit of the Constitution is the criterion. The requirement might be increased by statute, but not diminished. As pointed out above, the decisions of this state are numerous demonstrating that in the opinion of this court the affidavit in the present instance satisfies the demand of the Constitution so far as it pertains to the first point urged by the appellant.

Dealing with the second point, counsel for the appellant, in the motion, attacks the affidavit upon the ground that by the use of the word "recently" as it appears in the affidavit, it is rendered uncertain and indefinite as to the time at which the alleged violation of law took place. It has been held that it should appear from the affidavit for a search warrant that the event relied upon as establishing probable cause was not remote in point of time. In Garza's case, 120 Texas Crim. Rep., 147, 48 S. W. (2d) 625, it is said: ."The right to issue a search warrant is dependent upon the statement under oath in the application making clear the right to issue the warrant. Such affidavit, in order to comply with the requirement of the Constitution, is inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective.".

Conceding that the term "recently" has a somewhat elastic meaning, due to the conditions under which it is used, it is thought that its use in the present instance is so connected with other language as to show that the event named was not too remote. See Ency. of Law & Proc., vol. 12, p. 399; Words & Phrases (2nd series), vol. 4, p. 206; Words & Phrases (3rd series), vol. 6, p. 601. The affidavit is copied above in this opinion and the language particularly under consideration is italicized.

The motion for rehearing is overruled.

*Overruled.*