MRS. F. B. DOUGLAS v. THE STATE.

No. 21986. Delivered March 18, 1942.
Rehearing Denied April 22, 1942.

30

The opinion states the case.

*Sam B. Spence,* of Wichita Falls, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of possessing whisky in a dry area for the purpose of sale. The punishment assessed is a fine of $500.00.

The record shows that the Sheriff of Young County, accompanied by other peace officers, went to appellant's hotel,

where she made her home, and by virtue of a search warrant, searched her premises. As a result of the search, they found two half pints of whisky in a dresser drawer and two half pints in a closet of appellant's bed room. The seal on one of the bottles was broken and part of the contents thereof was missing. In another room across the hall the officers found two half pints of whisky between the mattresses, and they found five half pints of gin in a water meter at the corner of the house. One of the officers testified that while at the premises in question, he saw appellant take two pint bottles from her bosom and put them in a closet.

It was shown that appellant exercised dominion over the place and was in control thereof.

Appellant did not testify or offer any affirmative defense. She proved, however, that she was married and that her husband lived with her and that he was present at the time the officers made the search in question.

Appellant has brought forward ten bills of exception which relate to the introduction of evidence and objections to the court's charge, and to his refusal to give special requested charges.

By Bills of Exception Nos. 1, 5, 6, and 7, appellant complains of the introduction in evidence of the whisky found as a result of the search under and by virtue of a search warrant. Appellant's objection thereto was on the ground that it was not averred in the affidavit for the search warrant that intoxicating liquors were possessed unlawfully and were being sold contrary to law. In the affidavit, after a definite description of the premises and the location thereof, we find the following language:

" * * * and being the premises of Mrs. F. B. Douglas, who occupies the same, is a place where alcoholic beverages described in the foregoing affidavit are unlawfully sold, kept, stored, * * * in violation of the provisions of the Texas Liquor Control Act, etc."

This, to our mind, clearly shows that appellant's position is untenable. See Cropper v. State, 111 S. W. (2d) 709.

By Bill of Exception No. 2 appellant complains of the introduction in evidence of the whisky found as a result of the

search and seizure by the officers. Her contention is that the search was unreasonable because the statements in the affidavit for the search warrant were insufficient to constitute probable cause. The statements therein are to the effect that "affiants were told by several good and reputable citizens of Young County, Texas, that they had recently seen people go to said place sober and come away therefrom with intoxicating liquor and in a state of intoxication." This, in our opinion, shows probable cause for the issuance of the search warrant. See Denzlinger v. State, 116 Tex. Cr. R. 158.

By Bill No. 3 appellant complains of the testimony given by the officers that they found five half pints of gin in a water meter near the corner of the house. She objected to this testimony on the ground that the water meter was the property of and in possession of the City of Olney. The court sustained the objection and instructed the jury not to consider it. Appellant then requested that the court declare a mistrial, which was refused. We see no such error reflected in the bill as would authorize or require a reversal of the judgment. Therefore, we overrule her contention.

Bills of Exception Nos. 4, 8, 9, and 10 have been examined by us and found to be without merit.

Appellant also complains because the court declined to give her special requested charge to the following effect:

" * * * that unless you find and believe beyond a reasonable doubt that such whisky or liquor was not the property of or in possession of Gordon Kimbrell but was the property of and in possession of the defendant you cannot consider such evidence for any purpose against the defendant, etc."

This charge is obviously incorrect and no error was committed by the court in declining to submit the same to the jury. The court gave a very fair charge on the theory that if the whisky or the two half pints found by the officers belonged to appellant's husband or were in his possession or under his control, or if the jury had a reasonable doubt thereof, they should acquit her.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In a motion for rehearing appellant insists that the court has certified error in approving his bill of exception number ten. An examination of this bill reflects the ever recurring mystery that a trial judge will certify that a prejudicial error has been committed which could not be cured by his instructions and, yet, overrules the motion for a new trial and sends the record to this court for review.

According to the bill one of the witnesses who made a search of the premises testified that they found five half pints of gin in a water meter at the corner of the house. Appellant objected to that testimony on the ground that the water meter was the property of the City of Olney and was not included in the search warrant and was immaterial, irrelevant and prejudicial. The court sustained this objection and instructed the jury not to consider such evidence. Now it appears to us in the state of the record that the court did commit an error in that he sustained the objection and instructed the jury not to consider the testimony which was perfectly proper to go before the jury. This gin was in a water meter at the corner of the house operated by appellant. Whether or not it was the property of the city does not appear and neither would that be a material fact. The court submitted to the jury a charge on circumstantial evidence and this was proper in view of the finding of that much gin in the water meter as described. Without the evidence of this gin we find nothing in the record to warrant the submission of a charge on circumstantial evidence. A sufficient amount of liquor to raise the legal presumption that it was for sale was found within the rooms directly under appellant's control and not occupied by other parties. This would not have required a charge on circumstantial evidence. Finding the gin on the premises did call for such a charge.

We are confronted, then, with the unusual situation of a court certifying error when there is no error of which the appellant might complain. If this evidence had, in fact, been immaterial, irrelevant and prejudicial to the rights of the de-

fendant and of such a nature that the oral instruction of the court to the jury to not consider the same could not remove the harm done and enable the party on trial to obtain a fair and impartial trial as certified to by the court, then it would be our duty clearly to reverse the case. See Texas Digest— Criminal Law, 1111 (4) Vol. 13, p. 750. If the record were in such shape that we could not from the record itself say that the court had made a mistake in his certificate, it might still be our duty. However, in a case like this where it is perfectly clear that the evidence was material and proper for the consideration of the jury, we do not believe that the trial court's view of the law and his certificate to that effect should force this court to reverse the case.

In Pounds v. State, 81 S. W. (2d) 698, Judge Lattimore, on motion for rehearing, was dealing with a similar situation and held that where the trial court's certification to the bill of exception to the effect that there was nothing in the record to warrant remarks of State's counsel and that such remarks were prejudicial and inflammatory were conclusions of the trial judge not warranted by the record and, therefore, not binding on this court. We believe the correct view of the situation here is that the trial court wrongfully sustained the defendant's objection; that his certificate is his legal conclusion on a matter clearly before this court for consideration in a record that is full and complete. To reverse the case under this circumstance would be either to agree with him in an erroneous conclusion or to delegate to the trial court the power to reach a legal conclusion and work the reversal of a case in this court. Manifestly, this was not the intention of the authors of the Constitution in creating the court nor of the Legislature in the enactment of the legislation on which this prosecution is based. We, therefore, decline to accept as correct the certificate to appellant's bill of exception number ten, or to be bound thereby.

The motion for rehearing is overruled.