238 So.2d 557

**Marvin REYNOLDS, alias**

v.

**STATE.**

**3 Div. 8.**

Court of Criminal Appeals of Alabama.

June 16, 1970.

Rehearing Denied June 30, 1970.

L. H. Walden, and Warren S. Reese, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, Marvin Reynolds, appeals from a judgment of conviction for the unlawful possession of marijuana.

In brief counsel argues for reversal the invalidity of the affidavit upon which the search warrant is based and the improper execution of the search warrant.

The affidavit reads:

"Before me Bishop N. Barron, Assistant Judge of Municipal Court of the City of Montgomery, Ala., personally appeared Detective Robert Lynch of the Montgomery Police Department who being duly sworn, deposes and says that he has probable cause to believe and does believe that illicit narcotics and/or marijuana are contained in the residence of Marvin Reynolds, 1203 Deeming Street, Montgomery, Alabama, and in the automobile of said Marvin Reynolds, to-wit: a 1964 2-door hardtop Chevrolet bearing 1968 Alabama license # 3–25877, which said automobile is usually parked, housed, or kept at the said 1203 Deeming Street, Montgomery, Alabama, such information and belief being the result of having been informed by an informer who has recently purchased illicit narcotics and/or marijuana from said Marvin Reynolds, whose information in the past has been reliable and whom I believe.

/s/   Robert E. Lynch

Sworn to and subscribed before me this the 21st day of March, 1968.

/s/ Bishop Barron

Assistant Judge, Municipal Court of the City of Montgomery"

The affidavit provided a sufficient basis for a finding of probable cause. Myrick v. State, 45 Ala.App. 162, 227 So.2d 448. It is not subject to the vice of vagueness of the time element in Davis v. State, Ala.Cr.App., 46 Ala.App. 45, 237 So.2d 635 (1969).

A statement in an affidavit for a search warrant that an informant had "recently" seen or purchased narcotic drugs, when connected with other language that would lead to the conclusion that the unlawful condition continued to exist on those prem-

ises at the time of the application for the warrant, has been held sufficient to show the time when the alleged violation took place. Sutton v. State, Tex.Cr.App., 419 S.W.2d 857; Hartless v. State, 121 Tex. Cr.R. 181, 50 S.W.2d 1097, 100 A.L.R.2d 531. See also Douglas v. State, 144 Tex. Cr.R. 29, 161 S.W.2d 92.

The use of the word "recently" in the affidavit under consideration, coupled with the statement that the drugs "are contained" at the described location, was sufficient to show the event was not too remote.

After the jury was impaneled, but before the trial began, the jury was excused and evidence ore tenus in support of defendant's motion to suppress the evidence obtained by the search was heard before the trial judge. The motion to suppress was denied.

The testimony taken at the hearing of the motion tended to show the following:

Four police officers, in plain clothes, went to defendant's home about ten-thirty in the morning. There were three entrances to the house, two faced Deeming Street and one was at the back. The officers separated, so that at least one was stationed at each door. They knocked on the doors and tapped on the windows for two and a half to five minutes. Receiving no answer, Agent Terry pulled the latch out of frame of the back screen door and entered the house. The other officers also went in the house. At no time before entering did they announce they were police officers or that they had a search warrant.

A search of the house was conducted. A very small amount of material suspected to be marijuana (later confirmed by test) was found in the pocket of a coat belonging to defendant. A search of the automobile at the house and again at the police station revealed marijuana residue and seed.

Title 15, Sec. 108, Code of Alabama, 1940, provides:

"To execute the warrant the officer may break open any door or window of a house, or any part of a house, or anything therein, if, *after notice of his authority and purpose*, he is refused admittance." (Emphasis ours)

There was testimony that defendant's sister worked nights and slept in the daytime and that defendant had not retired until around six in the morning. The officers were informed that the people in the house were sound sleepers and were hard to awaken.

In People v. Gastelo, 67 Cal.2d 586, 63 Cal.Rptr. 10, 432 P.2d 706, cited with approval in Mayer v. United States, 9 Cir., 386 F.2d 715, the Supreme Court of California said:

"The Attorney General contends that unannounced forcible entry to execute a search warrant is always reasonable in narcotic cases, on the ground that narcotics violators normally are on the alert to destroy the easily disposable evidence quickly at the first sign of an officer's presence.

"We do not agree with this contention. Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved.

\* \* \* \* \* \*

"Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. Otherwise the constitutional test of reasonableness would turn only on practical expediency, and the amendment's primary safeguard—the requirement of particularity—would be lost. Just as the police must have sufficiently particular reason to enter at

all, so must they have some particular reason to enter in the manner chosen.

\*    \*    \*    \*    \*    \*

"Since there was nothing in the present case to justify the officer's failure to comply with section 1531, except an asserted general propensity of narcotics violators to destroy evidence when confronted by police officers, the officers' entry was unlawful. The illegally obtained evidence, which was crucial to the prosecution's case, should therefore have been excluded."

Section 1531 of the California Penal Code provides that to execute a search warrant, "The officer may break open any outer or inner door or window of a house, \* \* \* if, after notice of his authority and purpose, he is refused admittance."

■    There was nothing in the case at bar to justify the failure of the officers to comply with Section 108, Title 15, Code, supra, except the general knowledge of a likelihood of destruction of evidences in offenses of this type. For the court's refusal to grant the motion to suppress the evidence produced by the search of defendant's home, the judgment of conviction must be reversed.

Reversed and remanded.

ALMON, J., dissents.