275 So.2d 724

**William A. WALKER**

v.

**STATE.**

**3 Div. 183.**

Court of Criminal Appeals of Alabama.

Feb. 6, 1973.

Rehearing Denied March 13, 1973.

L. H. Walden, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and Richard F. Calhoun, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Walker appeals from a judgment of conviction for the unlawful possession of heroin for which he was sentenced to a term of fifteen (15) years in the penitentiary. The only evidence came from a search.

The appeal was argued and submitted in this Court on December 12, 1972.

This case was originally assigned to another judge, who prepared an opinion, but it was not accepted by the majority.

■ We are pressed for a reversal on the contention that the affidavit upon which the search warrant is based was invalid. There are other matters raised on this appeal but in our view, it is unnecessary to deal with any of the issues except the validity of the affidavit.

The affidavit reads:

"Before Me, Honorable D. Eugene Loe, Judge, Municipal Court, City of Montgomery, Alabama, the undersigned being duly sworn deposes and says:

"That he has reason to believe that in the residence of William Walker, 1029 Apt. H, Day Street Road, Montgomery, Alabama, there is being kept and sold a large amount of Heroin in violation of the Alabama Control Substance Act, Schedule 1.

"And that the facts tending to establish the foregoing ground for issuance of a search warrant are as follows:

"An informer hereinafter called A, whose information has been reliable in the past, stated to affiant Alford on Nov. 6, 1971 by telephone that he *had observed* a large amount of Heroin being used and sold from the residence of William Walker, 1029 Apt. H, Day Street Road, Montgomery, Alabama." (Emphasis added)

" 'A' called affiant Alford on Nov. 2, 1971, and stated that *he saw* William Walker with a large amount of Heroin in his possession." (Emphasis added).

"William Walker has been known to this office as a dealer and user of Heroin in the past.

"Informer A has been reliable in the past in that he has called affiant Alford on or about September 24, 1971 and stated that Farris Lawrence was in possession of a large amount of Heroin. Farris Lawrence was arrested that same day and charged with possession of Heroin. Her case is in this term of Circuit Court. Informer A called affiant Alford on September 25, 1971 and stated that Mack Pettway had a large amount of Heroin in his home. After a search of Pettway's home he was charged with possession of Heroin. His case is in this term of Circuit Court.

"The foregoing information is based upon personal information which has been obtained by affiant Alford.

"S/ E. B. ALFORD
E. B. Alford
Vice and Narcotics
Montgomery, Alabama
Police Dept.

"Sworn to before me this 6th day of November, 1971.

"S/ D. EUGENE LOE
D. Eugene Loe
Municipal Court Judge
City of Montgomery,
Alabama"

We hold that the affidavit does not meet one of the prongs of the "two prong test" of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637; and other cases from this court and the Supreme Court of Alabama.

The affidavit condemned in Davis v. State, 46 Ala.App. 45, 237 So.2d 635, is much stronger factually than the affidavit

in the instant case. The main defect in the present affidavit is that it is a "past tense" affidavit. It states that the informer told affiant by telephone that he "had observed" a large quantity of heroin being used and sold from the premises described. "Had observed" could have been any time in the past. The informer did not tell the officer-affiant the date or time he allegedly observed the narcotics on the premises. There is nothing in the affidavit which hints of time except the use of the past tense in connection with the informant's telephone report to affiant.

As the United States Court of Appeals, First Circuit, in Rosencranz v. United States, 356 F.2d 310, said:

"This brings us to the most serious defect in the affidavit—the absence of any averment as to the time when the affiant received information from his anonymous informant or as to the time when affiant detected the odor of mash. Nor is there anything in the affidavit which hints of time except the use of the present tense in connection with the informant's report to affiant.

"[13] There is little question but that, before *Ventresca*, supra [United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684], this defect would have been fatal. We summarize the authorities in the margin.[3]

"3. The basic principle that there be enough basis for the magistrate to conclude that probable cause exists at the time he issues his warrant has been stated in Sgro v. United States, 1932, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260. In Poldo v. United States, 9 Cir., 1932, 55 F.2d 866, the court, after commenting that the affidavit lacked a date of observation, said, 55 F.2d at 868, 'Time of the affidavit's observations, which are set forth as constituting probable cause that a crime has been committed, is of the essence of the affidavit.' In Kohler v. United States, 9 Cir., 1925, 9 F.2d 23, the court referred to the failure to fill in the spaces for the day and month of alleged possession and sale of liquor as one of the 'glaring' defects in the affidavit. In Staker v.

United States, 6 Cir., 1925, 5 F.2d 312, an affidavit was silent as to time. The court said, 5 F.2d at 314, 'So far as the affidavit shows, the officer might have smelled the fumes months before the affidavit was made.' In Conti v. Morgenthau, S.D.N.Y., 1964, 232 F.Supp. 1004, the court held invalid an affidavit alleging the placing of wagers on certain dates at an apartment and two undated visits of defendant to the apartment. It pointed out the lack of connection of the visits and the wagers, the failure to allege dates 'or indeed that the visits were recent'. In United States v. Bosch, E.D.Mich., 1962, 209 F.Supp. 15, an affidavit silent as to when surveillance was made, was held invalid. While not the only reason for its decision, the court indicated that the absence of time allegation would have been a sufficient basis. In Williams v. Commonwealth, Ky., 1962, 355 S.W. 2d 302, where the affidavit alleged that defendant 'has in his possession at this time beer and whiskey * * * for the purpose of sale', the court held that it was defective for not disclosing when the underlying observation was made. In Odom v. State, 1932, 121 Tex.Cr.R. 209, 50 S.W.2d 1103, where the affidavit alleged that certain 'equipment is being used', the court held it defective for not revealing that the conduct occurred within a reasonable time. In People v. Musk, 1925, 231 Mich. 187, 203 N.W. 865, an affidavit that affiant 'has seen' certain things was held invalid for lack of a time averment.

The very fact that there are not more cases involving affidavits without an averment of time of observation may be taken as evidence of the wide acceptance by public officers and magistrates of this requirement.

\*     \*     \*     \*     \*     \*

" * * * It is one thing to expect the magistrate to give a commonsense reading to facts set forth and to draw inferences from them. It is quite another thing to expect the magistrate to reach for external facts and to build inference upon inference in order to create a reasonable basis for his belief that a crime is presently being committed.

"[16] If the magistrate must observe certain minimum requirements, so must

the officer-affiant. He must set forth the basis for the magistrate's inferences with enough precision so that, if the affidavit is subjected to an attack for lack of probable cause at a subsequent hearing, the trial judge will be ruling on the reasonableness of inferences based on the same underlying circumstances as confronted the commissioner. But suppose a commissioner, on the basis of an affidavit like that in this case, were to infer that both affiant's information and observation were recent, while at a hearing on a motion to suppress, affiant states that both information and observation were several months old. There would, in fact, have been no basis for issuing the warrant, and yet the affidavit would have been accurate and the affiant would be in no danger of prosecution for its falsity. To create the possibility of ancient information parading beneath the protective mask of a bland, 'present tense' warrant would not, in our opinion, be in the interests of proper law enforcement or justice.

: * * * * * *

"'We conclude that a combination of undated, conclusory information from an anonymous source and an undated general allegation of personal observation by the affiant, with no other reasonably specific clues to the time of their happening, is inadequate. We do not think this is being hypertechnical, legalistic, or insistent on a requirement of 'elaborate specificity once executed by common law pleadings'. Police officers have long been accustomed to the importance of time; to their credit, the overwhelming majority of affidavits have honored the requirement."

We realize, of course, that this court is not bound by the decisions of any Federal court other than the Supreme Court of the United States, but we agree with what Mr. Justice Lawson said in Thomas v. State, 277 Ala. 570, 173 So.2d 111:

"It might be said that this court is not bound to follow federal courts on federal questions except the Supreme Court of the United States but to ignore the consistent holdings of those courts [on this question], which holdings have not been disturbed by the Supreme Court of the United States although efforts have been made to have it overturn those holdings, can only lead to further delay in bringing about the punishment of those guilty of violating the laws of this state."

In treating affidavits based upon information furnished by an unidentified informer, the Supreme Court of Alabama in Clenney v. State, 281 Ala. 9, 198 So.2d 293, said,

"* * * We do not think, however, that hearsay alone can be sufficient basis for a warrant.

"[3] The affiant must state evidence, other than hearsay, to justify a conclusion that the article to be searched for is where he says it is. The affiant must state evidence, other than hearsay, to justify a conclusion that the hearsay is reliable. Such seems to be the rule stated in Aguilar v. State of Texas, 378 U. S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723."

In Oliver v. State, 46 Ala.App. 118, 238 So.2d 916, the affidavit, per se, was determined to be insufficient, but when supported and aided by oral testimony, the deficiency was cured and met the time test of both Federal and State decisions. In *Oliver,* the testimony was:

"A. I was present, Detective Swindal was present, and I don't recall for sure about the other two, and another officer named Barnard Dunlap was present.

"Q. All right, sir. I want you to tell the Court, if you will, Detective Jones, what if anything you told to Lieutenant Wilson, the issuing magistrate with respect to why you wanted a warrant?

"A. I told him that Officer Dunlap had been to 1036 9th Avenue South.

"Q. Did you tell him when he had been there?

"A. That night.

"Q. All right.

"A. Just a few minutes prior to our conversation, and he made a purchase of $5.00 of marijuana, and he saw some additional marijuana on the mantle, and in a sack, or jar, and had a matchbox in it that he measured out what this officer had bought."

The informer's tip in the instant case was not sufficient to provide the basis for a finding of probable cause to meet the vagueness of the time element alluded to in Davis v. State, supra. It needed some further support which might have been forthcoming with a little more interrogation permitting "the suspicions engendered by the informant's report to ripen into a judgment that a crime was probably being committed. * * *" This affidavit is "deficient because it fails to show that the information received from the informant was fresh as opposed to being remote". Ex parte State of Alabama ex rel (Horace E. Davis v. State), 286 Ala. 117, 237 So.2d 640.

The fifth paragraph of the affidavit does not embellish or buttress the fourth paragraph as to the time element. The informer's report does not say *when, where* and *under what circumstances* he allegedly saw Walker in possession of narcotics. This, too, could have been *any time* in the past and at *any place* in Montgomery County or elsewhere. It is true that the affidavit was sworn to on November 6, 1971, but this fact does not supply the vice of vagueness as to the time that the informer claims to have seen appellant with heroin.

The dissenting opinion, by prosaic license, attempts to supply the time element missing from the affidavit by saying,

"We believe the first paragraph to *read* that affiant Alford *understood* from the telephone call received on the morning of November 6, 1971, from the informant, *that the informant had actually seen the heroin at the address in question on that morning*." (Emphasis added.)

This is a strained and unwarranted construction of the language of the affidavit. If Alford *understood that the informer had actually seen the heroin on the described premises that morning,* why did he not impart this information to the magistrate to enable the magistrate to perform his "neutral and detached" function of determining for himself probable cause for believing that a crime was then and there being committed or had been committed recently? If *ipse dixit* opinions of judges can be substituted for factual omissions in search warrant affidavits, the Fourth Amendment requirements in determining probable cause are, once and for all time, completely emasculated. We believe that the time has not yet come when the constitutional requirements in search warrant cases can be so summarily shoved aside.

Time is the *very essence* in search warrant cases. To support a search warrant the proof supplied must speak as of the time of the issuance of the warrant. According to the record, the search began at 7:15 A.M. on November 6, 1971. Apparently the officers had to get the magistrate out of bed to issue the warrant. This was a "hurry up" warrant to satisfy the officers in their haste in "ferreting out crime". Sometimes haste makes waste and this is one of those times.

In Sgro v. United States, 287 U.S. at page 210, 53 S.Ct. at page 140, the late Mr. Chief Justice Hughes said,

" * * * The proceeding by search warrant is a drastic one. Its abuse led to the adoption of the Fourth Amendment, and this, together with legislation regulating the process, should be liberally construed in favor of the individual. (citing cases) * * * While the statute (prohibition) does not fix the time within which proof of probable cause must be taken by the judge or commissioner, it is manifest that the proof must

be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. * * *"

In Reynolds v. State, 46 Ala.App. 77, 238 So.2d 557, Price, P. J., in treating an affidavit for a search warrant, said,

"The affidavit provided a sufficient basis for a finding of probable cause. Myrick v. State, 45 Ala.App. 162, 227 So.2d 448. It is not subject to the vice of vagueness of the time element in Davis v. State, Ala.Cr.App., 46 Ala.App. 45, 237 So.2d 635 (1969).

"A statement in an affidavit for a search warrant that an informant had 'recently' seen or purchased narcotic drugs, when connected with other language that would lead to the conclusion that the unlawful condition continued to exist on those premises at the time of the application for the warrant, has been held sufficient to show the time when the alleged violation took place. Sutton v. State, Tex.Cr.App., 419 S.W.2d 857; Hartless v. State, 121 Tex.Cr.R. 181, 50 S.W.2d 1097, 100 A.L.R.2d 531. See also Douglas v. State, 144 Tex.Cr.R. 29, 161 S.W.2d 92.

"The use of the word 'recently' in the affidavit under consideration, coupled with the statement that the drugs 'are contained' at the described location, was sufficient to show the event was not too remote."

■ *Reynolds* is just another case pointing up that vagueness of the time element is a vice in affidavits that is fatal.

Being conversant with the case of United States v. Ventresca, 380 U.S. 102, 85 S. Ct. 741, 13 L.Ed.2d 684, that "Affidavits for search warrants * * * must be tested and interpreted by magistrates and courts in a common sense and realistic fashion" and "technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area", we do not believe our holding today offends any of the principles of that case. A plain common sense interpretation of the affidavit in the instant case can lead to but one end—the time element is missing and vagueness abounds.

For the court's refusal to grant the motion to suppress the evidence produced by the search of appellant's house, the judgment of conviction must be reversed.

Reversed and remanded.

CATES, P. J., and ALMON, J., concur.

TYSON and DeCARLO, JJ., dissent.

TYSON, Judge (dissenting).

The appellant, William A. Walker, alias, was indicted for the unlawful possession of heroin. Jury trial resulted in a conviction and sentence was fixed at fifteen years imprisonment.

Chief witness for the State was E. B. Alford, a Montgomery City Policeman. Alford testified that on November 6, 1971, he received a telephone call from a reliable informant, whose voice he recognized. Based on information supplied by that informant, Alford swore out an affidavit for a search warrant to search appellant's apartment for heroin. The search warrant and affidavit in support thereof were subsequently introduced into evidence.

In executing the warrant, the record discloses that the following actions took place:

"Q What actions took place when you served the warrant, if any?

"A Well, we went to the apartment at approximately 7:15 A.M. on November 6th, 1971, myself and four other officers and when we got to the door we knocked several times and there was no answer. We never received an answer. We identified ourselves as police officers with a search warrant and we still did not get an answer. The kitchen door is a glass type door with louvers that screw out

and we removed one of those and we unlocked the door. This was inside the kitchen and we went into the living room and down the hall and we found the defendant in bed asleep with a female, Roberta Walker, and at this time I woke him up and advised him that we were police officers and gave him a copy of the search warrant and we began to search."

Alford testified that he found on a dresser beside appellant's bed a coffee can which contained twenty-two manila folders containing a white powdery substance. These items were turned over to Property Officer T. J. Conner who labeled this evidence as to time and place seized.

Officer E. E. Wright, who also participated in conducting the search, testified that he found in one of the kitchen cabinets a syringe, a small cap, some cotten, and a vial, all of which he turned over to Property Officer Conner.

Officer Ronald E. Foster, also involved in the search, testified that he found inside a dresser drawer in appellant's bedroom a needle, which he turned over to Conner.

Conner testified that he received all of the aforementioned items, sealed them, and delivered them to James Small, a State Toxicologist.

James Small testified that he tested and analyzed four of the twenty-two cellophane packets containing the white powdery substance and determined the powder to contain heroin and quinine. Small further testified that the syringe and needle found were analyzed and tests revealed that both items contained heroin and quinine. These items were introduced into evidence.

The defense presented no witnesses, but moved to exclude the State's evidence. Such motion was denied.

I

Appellant therefore contends the trial court erred in denying his pretrial motion to suppress the evidence seized under the search warrant; and later in overruling his objection to the introduction of such evidence at trial on the ground that there was no probable cause for the issuance of such search warrant.

The warrant in question was issued upon the following affidavit:

"Affidavit for Search Warrant

"Before Me, Honorable D. Eugene Loe, Judge, Municipal Court, City of Montgomery, Alabama, the undersigned being duly sworn deposes and says:

"That he has reason to believe that in the residence of William Walker, 1029 Apt. H, Day Street Road, Montgomery, Alabama, there is being kept and sold a large amount of Heroin in violation of the Alabama Control Substance Act, Schedule 1.

"And that the facts tending to establish the foregoing ground for issuance of a search warrant are as follows:

"An informer hereinafter called A, whose information has been reliable in the past, stated to affiant Alford on Nov. 6, 1971 by telephone that he had observed a large amount of Heroin being used and sold from the residence of William Walker, 1029 Apt. H, Day Street Road, Montgomery, Alabama.

"'A' called affiant Alford on Nov. 2, 1971, and stated that he saw William Walker with a large amount of Heroin in his possession.

"William Walker has been known to this office as a dealer and user of Heroin in the past.

"Informer A has been reliable in the past in that he has called affiant Alford on or about September 24, 1971 and stated that Farris Lawrence was in possession of a large amount of Heroin. Farris Lawrence was arrested that same day and charged with possession of Heroin. Her case is in this term of Circuit Court. Informer A called affiant Alford

on September 25, 1971 and stated that Mack Pettway had a large amount of Heroin in his home. After a search of Pettway's home he was charged with possession of Heroin. His case is in this term of Circuit Court.

"The foregoing information is based upon personal information which has been obtained by affiant Alford.

"S/ E. B. Alford
E. B. Alford
Vice and Narcotics
Montgomery, Alabama
Police Dept.

"Sworn to before me this 6th day of November, 1971.

"S/ D. Eugene Loe
D. Eugene Loe
Municipal Court Judge
City of Montgomery,
Alabama"

In passing on the validity of a search warrant based upon information received from an unidentified informer, the court must determine whether the issuing magistrate was informed of, (1) some of the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable, and (2) some of the underlying circumstances from which the informant concluded that the drugs were where he claimed they were. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Oliver v. State, 46 Ala. App. 118, 238 So.2d 916.

My brother Judge DeCARLO and I are of the opinion that the affidavit here meets all the legal requirements. The statements in the affidavit show that the information supplied by the informer was fresh as opposed to being remote, and that it was not subject to the vice of vagueness as to the time element. Reynolds v. State, 46 Ala. App. 77, 238 So.2d 557. Thus, there existed from the officer's deposition a substantial basis for crediting the hearsay from which a finding of probable cause could be based. We therefore are of the opinion that there was no failure to comply with Title 15, Sections 102 and 103 of the Code of Alabama 1940. Clenney v. State, 281 Ala. 9, 198 So.2d 293; Myrick v. State, 45 Ala.App. 162, 227 So.2d 448; Davis v. State, 46 Ala.App. 45, 237 So.2d 635, affirmed 286 Ala. 117, 237 So.2d 640.

The majority's reversal is based upon its construction of the following two paragraphs in the affidavit previously quoted, which are:

"An informer hereinafter called A, whose information has been reliable in the past, stated to affiant Alford on Nov. 6, 1971 by telephone that he had observed a large amount of Heroin being used and sold from the residence of William Walker, 1029 Apt. H, Day Street Road, Montgomery, Alabama.

" 'A' called affiant Alford on Nov. 2, 1971 and stated that he saw William Walker with a large amount of Heroin in his possession."

We believe the first paragraph to read that affiant Alford understood from the telephone call received on the morning of November 6, 1971, from the informant, that the informant had actually seen the heroin at the address in question on that morning.

Further, we do not understand the law to require that the affiant must state in the affidavit that the informant's information be received or seen that exact date. Reynolds v. State, supra.

DeCARLO, J., concurs in this dissent.