PER CURIAM.
Richard L. Bolden appeals from a judgment ordering the forfeiture of $8,265. We reverse and remand.
On October 17, 2010, Dothan Police Officer Will Kaufman observed Bolden driving an automobile. Because Officer Kaufman knew that Bolden did not have a valid driver’s license and that Bolden had outstanding arrest warrants, Officer Kaufman stopped Bolden’s automobile. Officer Kaufman arrested Bolden for the outstanding arrest warrants and impounded the automobile. When Officer Kaufman conducted an inventory search of the automobile, he discovered $8,265 in cash in the glove compartment. Upon discovering the money, Officer Kaufman contacted Dothan Police Officer Jeremy Kendrick, who handled narcotics cases for the police department. Officer Kendrick questioned Bol-den concerning the money found in the vehicle. According to Officer Kendrick, Bolden stated that he had saved the money while working for his father and that he intended to buy an automobile with the money. Officer Kendrick took possession of Bolden’s cellular telephone, suspecting that the cell phone may contain evidence of drug transactions. No narcotics or fire *1197 arms were found on Bolden or in his automobile.
The next day, on October 18, 2010, a Houston County circuit judge issued a warrant to search Bolden’s cell phone for evidence of illegal drug transactions. The search warrant was issued based on the affidavit of Officer Kendrick; the affidavit stated, in pertinent part:
“On 10-17-10 at approximately 1330 hours, I seized United States Currency in the amount of eight thousand two hundred sixty five dollars (8,265.00) from B/M Richard Bolden, A.K.A. (Gam-bino). The currency was located in the glove compartment of Bolden’s vehicle, separated into one thousand dollar stacks. The currency was held by a yellow bag, consistent with a Dollar General [shopping] bag. I have personal knowledge that Bolden has sold illegal drugs, in the past, to gain a profit. Affi-ant is looking for evidence in Bolden’s cellular telephone that shows drug transactions through text and other means used [b]y cellular telephone, to include pictures.”
Bolden’s cell phone was subsequently searched pursuant to the search warrant. The search revealed several text messages that, according to the testimony of Officer Kendrick, contained language indicating the occurrence of drug transactions on the days shortly before Bolden’s arrest.
On December 27, 2010, the State of Alabama filed a forfeiture complaint against Bolden, seeking the forfeiture of the $8,265 found in Bolden’s automobile. Bolden filed a motion to suppress the information seized from his cell phone in the search. In moving to suppress, Bolden argued that the evidence submitted in support of the search warrant, i.e., Officer Kendrick’s affidavit, did not establish probable cause to search the cell phone. At a hearing on that motion, Officer Kendrick testified that he did not recall if he had told the judge who issued the search warrant any information that was not contained in the affidavit. The trial court denied Bolden’s motion to suppress.
At trial, the State submitted a document detailing the information seized from Bol-den’s cell phone, including text messages. Officer Kendrick testified that several of the text messages contained language indicating the occurrence of illegal drug transactions on days shortly before Bolden’s arrest. On September 20, 2011, the trial court entered a judgment, pursuant to § 20-2-93, Ala.Code 1975, ordering the forfeiture of the $8,265 found in Bolden’s automobile. The forfeiture was based on the trial court’s determination that the money had been obtained through illegal drug sales. Following the trial court’s denial of Bolden’s postjudgment motion, he appealed to this court.
On appeal, Bolden argues that the trial court erred (1) by ruling against Bolden in certain discovery disputes between the parties, (2) by denying Bolden’s motion to suppress, (3) by admitting certain testimony by Officer Kaufman at trial, and (4) by concluding that the evidence was sufficient to support the forfeiture of the money found in Bolden’s vehicle. We first address Bolden’s argument that the trial court erred by denying his motion to suppress the information seized from Bol-den’s cell phone.
“To obtain forfeiture, the state must establish a prima facie case by presenting evidence that creates a reasonable satisfaction that the property at issue is subject to forfeiture. Agee v. State ex. rel Galanos, 627 So.2d 960, 962 (Ala.Civ. App.1993). A forfeiture of property cannot be properly based on evidence obtained in violation of fundamental constitutional rights. Nicaud v. State, 401 *1198 So.2d 43 (Ala.1981). Thus, evidence obtained by an illegal search and seizure must be excluded in a forfeiture proceeding. $U,320.00 U.S. Currency v. State, 567 So.2d 352 (Ala.Civ.App.1990).”
Williams v. State, 674 So.2d 591, 593 (Ala. Civ.App.1995).
“The Fourth Amendment to the United States Constitution provides, in pertinent part, that ‘[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation.’ Thus, ‘[a] search warrant may only be issued upon a showing of probable cause that evidence or instrumentalities of a crime or contraband will be found in the place to be searched.’ United States v. Gettel, 474 F.3d 1081, 1086 (8th Cir.2007). Moreover, ‘ “[sufficient evidence must be stated in the affidavit to support a finding of probable cause for issuing the search warrant,” and “[t]he affidavit must state specific facts or circumstances which support a finding of probable cause[;] otherwise the affidavit is faulty and the warrant may not issue.” ’ Ex parte Parker, 858 So.2d 941, 945 (Ala.2003) (quoting Alford v. State, 381 So.2d 203, 205 (Ala.Crim.App.1979)).
“ ‘A probable cause determination is made after considering the totality of the circumstances.’ Gettel, 474 F.3d at 1086. To pass constitutional muster, ‘the facts must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued.’ United States v. Greany, 929 F.2d 523, 524-25 (9th Cir. 1991) (emphasis added).”
Ex parte Green, 15 So.3d 489, 492 (Ala. 2008).
Bolden argues that the trial court should have suppressed the information found in his cell phone because, Bolden says, there was no probable cause to issue the search warrant. As noted, the search warrant was supported by Officer Kendrick’s affidavit, which stated that $8,265 in cash was found in the glove compartment of Bol-den’s vehicle; that the money was in one-thousand dollar stacks; that the money was in a yellow bag consistent with a shopping bag; and that Officer Kendrick had “personal knowledge that Bolden has sold illegal drugs, in the past, to gain a profit.” Thus, the search warrant was issued based on (1) the money found in Bolden’s vehicle and (2) Officer Kendrick’s personal knowledge that Bolden had sold illegal drugs in the past.
The United States Court of Appeals for the Eleventh Circuit has stated that “a large amount of currency, in and of itself, is insufficient to establish probable cause [that the currency was used in a illegal drug transaction].” United States v. $121,100 in United States Currency, 999 F.2d 1503, 1507 (11th Cir.1993). However, the $8,265 in this case cannot be viewed in isolation in determining whether probable cause was established; rather, it must be viewed in the totality of the circumstances. Ex parte Green. In $121,100, the Eleventh Circuit further observed:
“ ‘[I]t is the totality of the circumstances, and not merely the ... amount of money involved, that gives rise to the finding of probable cause.’ [United States v. $4,255,625.39, 762 F.2d 895,] 903 n. 18 [ (11th Cir.1985) ]. Absent some evidence connecting specifically to illegal drugs even a large sum of money, there is no reasonable basis for believing that the money is substantially linked to an illegal exchange of a controlled substance. See id. at 903 (holding that nine items of evidence, ‘coupled with the *1199 sheer amount of money involved,’ established probable cause).”
999 F.2d at 1506.
Besides the money discovered in the vehicle, the only other evidence supporting the search warrant was Officer Kendrick’s statement that he had “personal knowledge that Bolden has sold illegal drugs, in the past, for a profit.” However, the fact that Bolden has sold illegal drugs at some unspecified point “in the past,” even when considered with the money found in the vehicle, does not establish probable cause to search Bolden’s cell phone. The problem here is one of timeliness. In Ex parte Green, supra, our supreme court addressed a similar problem in discussing whether an affidavit sworn by Dothan Police Officer Thomas Flath-man established probable cause to search a residence and shed for drug evidence. Our supreme court stated:
“The dispute in this case centers on the following three statements in Flath-man’s affidavit: (1) T have received information from a confidential informant that Jeff Green is manufacturing and selling methamphetamine inside of the residence and in the shed beside of the residence’; (2) ‘Dothan Swat team snipers have observed continuous foot traffic between the residence and the shed’; and (8) ‘[t]hey have also smelled a strong acidic chemical odor coming from the property that is consistent with the manufacture of methamphetamine.’ To be sure, the first statement contains a verb tense that is ostensibly the present tense, ie., ‘is manufacturing and selling.’ (Emphasis added.) However, any present-tense aspect of this phrase is qualified by, and subject to, the introductory clause, T have received information’ (emphasis added), which indicates an action in the past
“The Court of Criminal Appeals has explained in regard to the phrase ‘had observed’ that such statements in affidavits evidencing past actions are ineffective. This is so, because the allegedly illegal activity ‘ “could have been any time in the past.” ’ Thomas [v. State ], 353 So.2d [54,] 56 [(Ala.Crim.App. 1977) ] (quoting Walker v. State, 49 Ala. App. 741, 743, 275 So.2d 724, 725-26 (Ala.Crim.App.1973)). When ‘ “[t]he informer [does] not tell the officer-affiant the date or time he allegedly observed the [activity] on the premises,” ’ then ‘ “[t]here is nothing in the affidavit which hints of time except the use of the past tense in connection with the informant’s ... report to the affiant.” ’ 353 So.2d at 56 (quoting Walker, 49 Ala.App. at 743, 275 So.2d at 726) (emphasis added).
“Similarly, nothing in Officer Flath-man’s affidavit reveals when the tip from the informant was received or when the alleged activity was observed. The most that can be gained from that portion of the affidavit is that — at some indefinite time in the past — an anonymous individual allegedly learned of a methamphetamine operation involving Green at the address indicated on the search warrant. Because Officer Flathman’s affidavit contained no chronological reference in which to place the informant’s alleged observation of the methamphetamine operation, it afforded no basis on which to determine whether ‘the object of the search [was] probably on the premises to be searched at the time the warrant [was] issued.’ [United States v.] Greany, 929 F.2d [523,] 525 [(9th Cir. 1991) ].
“The information supplied to Officer Flathman by the ‘Dothan SWAT team snipers’ is defective for the same reasons. The affidavit provides no information as to when the SWAT-team snipers *1200 were deployed. It relates only what the snipers allegedly ‘have ... observed’ and ‘have ... smelled’ at some indefinite time in the past. Lacking a relevant time frame, the statements of the snipers provided no basis on which to determine whether a methamphetamine operation was ongoing at the residence at the time the warrant was issued. For these reasons, the affidavit fails to state facts or circumstances that would support a finding of probable cause within the framework of Thomas, Nelms [v. State, 568 So.2d 384 (Ala. Crim.App. 1990) ], and Lewis [v. State, 589 So.2d 758 (Ala.Crim.App.1991) ].”
Ex parte Green, 15 So.3d at 494-95.
Like the affidavit testimony in Ex parte Green, Officer Kendrick’s affidavit testimony stating that Bolden has sold illegal drugs “in the past” was ineffective because that testimony indicates that such activity “ ‘ “could have been any time in the past.” ’ ” 15 So.3d at 494. This temporal failure weakens the only other evidence mentioned in the affidavit — the money found in Bolden’s vehicle. Based on the facts recited in the affidavit, any connection between the money and drug sales at some indefinite time in the past is speculative. Further, the $8,265 in this case is considerably less money than the money found in many of the cases in which the discovery of money is a contributing factor in finding probable cause of drug activity. See United States v. $191,910 in United States Currency, 16 F.3d 1051, 1072 (9th Cir.1994) (superseded on other grounds by statute) (“[A]Ithough we have considered the presence of a large amount of money, when accompanied by additional factors pointing to drug activity, to be evidence that the money was drug-related, we have never reached this conclusion when the sum of money involved was as small as the $15-20,000.00 involved here.”); United States v. One Lot of United States Currency Totalling $14,665, 33 F.Supp.2d 47, 49 (D.Mass.1998) (stating that “[$14,665,] while not insubstantial, is quite a bit less than the sums often associated with drug transactions” and listing supporting cases); and United States v. Funds in the Amount of $9,800, 952 F.Supp. 1254, 1262 (N.D.Ill. 1996) (finding that the possession of $9,800 “was not sufficiently large” to constitute a basis for an airport seizure).
Considering the totality of the limited evidence recited in the affidavit, the affidavit did not establish the probable cause required to issue a search warrant for Bolden’s cell phone. We note that “[e]ven if an affidavit is facially defective ..., its deficiency may be cured by information an affiant supplied to the issuing authority in addition to the assertions in the affidavit.” Ex parte Green, 15 So.3d at 495 (emphasis omitted). However, as in Ex parte Green, no such circumstance is presented in this case. Like Officer Flathman in Ex parte Green, in this case Officer Kendrick testified that he did not recall whether he had told the judge who issued the search warrant any information that was not in the affidavit. Id. Because there was no probable cause to issue the warrant to search Bolden’s cell phone, the evidence seized as a result of that search should have been excluded at the forfeiture trial.
We next consider whether the forfeiture judgment is supported by the evidence other than the evidence seized from Bolden’s cell phone. The State sought the forfeiture of the $8,265 under § 20-2-93(a)(4), Ala.Code 1975, which provides, in pertinent part, for the forfeiture of
“[a]ll moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state; all proceeds traceable to such an exchange; *1201 and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of any law of this state concerning controlled substances.”
“The State must prove to a ‘reasonable satisfaction’ an actual link between the money sought to be forfeited and a violation of the controlled-substances laws of this State.” Dobyne v. State, 4 So.3d 506, 512 (Ala.Civ.App.2008). “On appellate review of a ruling from a forfeiture proceeding at which the evidence was presented ore terms, the trial court’s findings of fact are presumed to be correct and the judgment will be reversed only if it is contrary to the great weight of the evidence.” Atkins v. State, 16 So.Sd 792, 795 (Ala.Civ. App.2009).
Excluding the evidence found in Bol-den’s cell phone — evidence that Officer Kendrick testified indicates the occurrence of drug transactions shortly before Bol-den’s arrest — there is not sufficient evidence to support a forfeiture of Bolden’s money under § 20-2-93(a)(4). The remainder of the evidence submitted at trial simply reflects the evidence contained in the affidavit, evidence that did not even establish probable cause of drug activity.[1] Evidence indicating that Bolden has sold drugs at some indefinite time in the past coupled with the discovery of $8,265 in his vehicle is insufficient to establish that the $8,265 was due to be forfeited. Thus, the judgment forfeiting the money is due to be reversed.
Because we are reversing the judgment on the foregoing grounds, we pretermit discussion of the other arguments raised by Bolden on appeal. We reverse the judgment, and we remand the case.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Officer Kaufman did add one detail at trial about Bolden's alleged history of drug activity, testifying that it was his understanding that Bolden "has been on federal probation for drug charges.”